707 P.2d 325

Raymond GABEL and Earlyn Gabel, husband and wife; Preston Curtis and Bette Curtis, husband and wife; Erwin Boggs and Ethel H. Boggs, husband and wife; Joseph T. Strickland, a single man; and Paul A. Strickland, a single man, Plaintiffs/Appellants,

v.

T.T. TATUM and Patricia Tatum, husband and wife; Alma Anderson, a single woman; Rayburn L. Anderson, and Jinger Anderson, husband and wife; Ivan Harry Barkdoll, III, and Susannah B. Barkdoll, husband and wife; Myrtle E. Barkley, a single woman; Thomas Otis Barkley and Nancy Barkley, husband and wife; Michael E. Biesemeyer and Grace Biesemeyer, husband and wife; Mary Adline Blatchley, a single woman; James F. Boston and Edna L. Boston, husband and wife; Emily A. Carroll, a single woman; Dale E. Casad and Frances L. Casad, husband and wife; Roy T. Connolly and Nellie Gene Connolly, husband and wife; Victor Cridebring and Wynona M. Cridebring, husband and wife; W.O. Criswell and Joylene Criswell, husband and wife; Walter E. Dice, a single man; Robert Earl Dowdell and Mary N. Dowdell, husband and wife; Thomas G. Gascoigne and Phyllis K. Gascoigne, husband and wife; Gila Valley Farms, Dollie M. Hale, a single woman; Letha Hale, a single woman; Ralph Duke Hale and Teri Lea Hale, husband and wife; Don W. Hargrave and Dorsey Hargrave, husband and wife; John Harvey Heafker, a single man; James R. Heller and Dorothy M. Heller, husband and wife; Wilfred W. Holt and Lillian R. Holt, husband and wife; William N. Hopper, a single man; Mary Lucille Hopper, a single woman; Lowell B. Jones and Mary E. Jones, husband and wife; Max G. Loehr and Beverly J. Loehr, husband and wife; Raymond L. Loehr, a single man; James McCloud and Jamie McCloud, husband and wife; Calvin G. Peace and Anna Mae Peace, husband and wife; Michael Richardson and Diane Richardson, husband and wife; Morris R. Richardson and Virginia J. Richardson, husband and wife; Albert Robinson and Eugenia Robinson, husband and wife; Orryn R. Roe and Victoria C. Roe, husband and wife; James L. Sanders and Donna L. Sanders, husband and wife; Benjamin Sandoval and Helen D. Sandoval, husband and wife; Ted G. Skowronek and Carol J. Skowronek, husband and wife; Neil Smithson and Elizabeth A. Smithson, husband and wife; Read H. Spencer and Noreen Spencer, husband and wife; William C. Stanley and Mary E. Stanley, husband and wife; Margaret F. Strickland, a single woman; Volney A. Striegler and Ida Striegler, husband and wife; Patsy L. Tartaglio and Jo Ann Tartaglio, husband and wife; Charles Tatham and Joyce Tatham, husband and wife; Robert Tatum and Barbara Tatum, husband and wife; Gilbert P. Van Drunen and Phyllis Ann Van Drunen, husband and wife; Ernest J. Wood and Cleta J. Wood, husband and wife; Leonard B. Zimmer and Mary E. Zimmer, husband and wife, Defendants/Appellees.

No. 2 CA–CIV 5215.

Court of Appeals of Arizona, Division 2, Department B.

April 25, 1985.

Review Denied Oct. 8, 1985.

**528**

Favour, De Pasquale, Moore & Schuyler, P.A. by John M. Favour, Prescott, for plaintiffs/appellants.

Robert Duber II, Globe, for defendants/appellees.

Fennemore, Craig, von Ammon, Udall & Powers by James W. Johnson and Michael J. Allen, Phoenix, for defendants/appellees.

## OPINION

HATHAWAY, Presiding Judge.

Appellants, owners of real property situated in Gila County, brought a declaratory judgment action in Gila County Superior Court on December 17, 1979, for a declaration of rights with respect to a ditch located in Gila County and waters from Tonto Creek diverted through that ditch to lands owned by dozens of property holders. The complaint, brought pursuant to the Uniform Declaratory Judgments Act, § 12–1831, et seq., sought an equitable and legal declaration of rights with respect to the ditch and waters of Tonto Creek. The United States of America, one of the original defendants, was dismissed upon petition of appellants.

On June 10, 1983, appellees filed an amended answer and counterclaim and a motion for judgment on the pleadings dismissing the complaint for failure to join indispensable parties and for lack of juris-

diction of the subject matter. On September 1, 1983, the court entered its order to dismiss, finding,

"... there are parties who have not been joined with rights necessary for the adjudication of this proceeding and further ... that [the court] lacks jurisdiction of the subject matter pursuant to the General Adjudication of Water Rights Act and A.R.S. § 45–252(C)...."

After appellees lodged a proposed form of judgment, appellants filed objections thereto and moved to further amend the complaint by adding the previously deleted United States of America as a defendant. The court denied all appellants' motions and objections, awarding judgment against appellants and in favor of all appellees. Appellants timely appeal that judgment.

Two issues presented on appeal are: (1) whether the Gila County Superior Court has jurisdiction of a case in equity and at law to resolve a controversy among owners of real property in Gila County involving water and ditch rights in consideration of A.R.S. § 45–252, which provides for a general adjudication in the county with the largest number of potential claimants when the nature, extent, and priority of water rights are involved, and (2) whether the United States is an indispensable party to the complaint.

The ground stating lack of subject matter jurisdiction pursuant to the General Adjudication of Water Rights Act and A.R.S. § 45–252(C) would seem to refer to the already pending action, *In Re Adjudication of Conflicting Claims to the Salt River and Its Tributaries, Maricopa County Cause No. W–1 ("In Re Salt River")*. In that action, a general adjudication of the water rights in the Salt River watershed is in the lengthy process of being decided. While the parties involved in the Gabel suit are not named parties in the Salt River suit, since the naming of all actual or potential users as parties is not contemplated by § 45–252, et seq., all parties in the present section have been noticed as claimants in the Maricopa County action in accordance with § 45–253. In addition, the

United States is a noticed party in *In re Salt River*, while appellants had the United States dismissed from the Gila County action.

Subject matter jurisdiction abates when another county has already assumed jurisdiction in the same matter. *Sierra v. Perry*, 121 Ariz. 437, 590 P.2d 1383 (1979). While *In Re Salt River* is not the same action as the present case, it is inclusive of all issues raised in appellants' complaint. A general adjudication of "the nature, extent and relative priority of the water rights of all persons in the river system...." A.R.S. § 45–252(A), is undoubtedly sufficient to sort out the water rights of ninety families abutting or using a ditch located in the larger system. Water rights are specifically mentioned as one issue of the Gila County suit. Dubbing the later action a declaratory judgment invokes semantics, not the public policy of this state.

> "Since there is not enough water to meet everyone's demands, a determination of priorities and a quantification of the water rights accompanying those priorities must be made. Obviously, such a task can be accomplished only in a *single proceeding* in which all substantial claimants are before the court so that all claims may be examined, priorities determined, and allocations made." (Emphasis added) *United States v. Superior Court*, 144 Ariz. 265, 697 P.2d 658, 663 (1985).

While ditch "maintenance and management" could theoretically be separated from the water rights issue, and thus litigated in a separate action, as a practical matter maintenance duties follow water rights. The larger action, already underway, can efficiently and fairly decide the problem of duties correlative with rights. We do not intend, however, by our decision to foreclose the adjudication in Gila County of traditional property disputes, e.g. trespass or easement rights. There is no showing that the claims raised in the present litigation cannot adequately be resolved in the general adjudication.

Because we believe the trial court properly dismissed without prejudice the action for lack of subject matter jurisdiction we need not decide the other issues raised by appellant.

Affirmed.

LACAGNINA and LIVERMORE, JJ., concur.