708 P.2d 70

**HYDRO–DYNAMICS, INC., an Arizona corporation, Petitioner,**

v.

**The Honorable Gary R. POPE, as Judge of the Superior Court in and for the County of Mohave, State of Arizona, Respondents,**

and

**Robert BUTTERWORTH and Dororthy Butterworth, husband and wife, Real Parties in Interest.**

No. 18003–SA.

Supreme Court of Arizona, En Banc.

Sept. 9, 1985.

Carson Messinger Elliott Laughlin & Ragan by Michael J. Pearce, Phoenix, for petitioner.

Lee, Theisen & Eagle by Charles T. Stegall, Phoenix, for respondents.

HAYS, Justice.

Petitioner, Hydro-Dynamics, Inc., brings this special action to challenge an order compelling it to pay approximately $80,000 in prejudgment attorneys' fees to Robert and Dorothy Butterworth ("the Butterworths"), real parties in interest. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Rule 8, Rules of Procedure for Special Actions, 17A A.R.S. The issue presented is whether, in a shareholder's derivative lawsuit, the trial court erred in ordering a corporation to pay prejudgment indemnification of attorneys' fees to a shareholder-plaintiff. We find that it was error and therefore vacate the order of the trial court.

## FACTS

Hydro-Dynamics, Inc. ("the corporation") is in the business of manufacturing waterbed sheets and accessories. The Board of Directors consists of Bob Butterworth, Norm Brown and Betty Brown. Norm Brown is the president of the corporation. He, his wife, and his mother Betty Brown own 60% of the corporation; each holds a 20% interest. The Butterworths own the remaining 40%.

In 1982, a disagreement arose between Norm Brown and Bob Butterworth concerning the management of the corporation. Thereafter, in October of 1982, the Butterworths filed a shareholder derivative action in Mohave County Superior Court against Norm Brown, the corporation, and others. The Butterworths alleged several acts of self-dealing and mismanagement on the part of Norm Brown. Trial was set for July, 1985.

In July, 1984, the Butterworths filed a motion for extraordinary relief requesting that Brown be removed as an officer and director of the corporation. They further requested that Brown be required to repay the corporation any attorney fees previously advanced to him to defend the suit. Brown asserted that such indemnification was proper under the General Corporation provisions of A.R.S. § 10–005. The Butterworths replied that they too were entitled to indemnification for their attorney fees, and that this would be within the court's authority to order. The trial court denied the Butterworths' motion to remove Brown as president, but directed the corporation to pay the Butterworths' attorneys' fees, theretofore incurred, of approximately $80,000. This order was subject to the Butterworths' indemnification of the corporation should they not prevail on the merits. The corporation filed a motion for reconsideration of this order. The motion was denied, and the corporation subsequently filed the instant petition for special action and application for interlocutory stay of proceedings. We granted the stay and thereafter accepted jurisdiction. The stay was vacated June 20, 1985, with the exception of the order granting an interim award of attorneys' fees to the Butterworths.

### 1. IS A SHAREHOLDER–PLAINTIFF ENTITLED TO PREJUDGMENT INDEMNIFICATION OF ATTORNEYS' FEES UNDER A.R.S. § 10–005?

The Butterworths maintain that the trial court properly awarded them prejudgment indemnification of attorneys' fees pursuant to A.R.S. § 10–005. This statute provides indemnification in two situations. First, A.R.S. § 10–005(A) pertains to lawsuits "... *other than* an action by or in the right of the corporation, by reason of the fact that he is or was a director, officer, employee or agent of the corporation...." (Emphasis added). Second, A.R.S. § 10–005(B) states,

A corporation shall have power to indemnify any person who was or is a party ... to any ... pending ... action or suit *by or in the right of the corporation* to procure a judgment in its favor by reason of the fact that he is or was a *director, officer*, employee or agent of the corporation, ... against expenses, including attorneys' fees, ... actually and reasonably incurred by him *in connection with the defense or settlement* of such action or suit ... (emphasis added).

A shareholder derivative suit is by its nature an action "by or in the right of the corporation." 19 Am.Jur.2d, *Corporations* § 528. Therefore, § 10–005(A) is clearly inapplicable and thus we look to § 10–005(B) to see if recovery is available.

 First, although this court has found no case authority interpreting § 10–005(B), we find that the Butterworths do not come within its provisions. The Butterworths are not directors, officers, employees, or agents of the corporation, as that term is used in the statute. Rather, pursuant to Rule 23.1, Arizona Rules of Civil Procedure, 16 A.R.S., the plaintiff, in a derivative action, sues in his capacity as a shareholder. As such, the Butterworths are not entitled to relief under § 10–005(B).

Second, the power to indemnify "any person" is limited to expenses incurred in the "defense or settlement" of an action. The Butterworths clearly were not forced to spend money for this purpose. Rather, the Butterworths, as shareholders, were prosecuting an action on behalf of the corporation. We reject, in the context of this statute, the Butterworths' argument that by prosecuting the matter, they are defending the corporation itself. Such an interpretation is not warranted by the plain language of the statute.

 The Butterworths further urge this court to allow indemnification of attorneys' fees pursuant to the language in § 10–005(D). Specifically, the subsection states that, unless ordered by a court, indemnification shall be made by the corporation only upon a determination that the elements of subsections (A) or (B) have been met. The Butterworths contend that the phrase "unless ordered by a court" grants the court broad discretion in ordering indemnification. The Butterworths' reliance is misplaced. Subsection (D) merely sets forth the procedure to be followed in determining whether a party shall be indemnified. It in no way provides that a court can order indemnification without regard to the constraints set forth in the other sections of the statute. Rather, any court ordered indemnification must relate to expenses incurred in connection with the defense or settlement of a suit as required in subsections (B) and (E). Thus, the Butterworths' claim fails.

The Butterworths neglect to disclose to this court any case in which prejudgment indemnification of attorneys' fees were awarded to a derivative plaintiff pursuant to § 10–005. To now adopt such an interpretation would be tantamount to forcing a corporation to spend money out of one pocket for its defense, while simultaneously providing shareholders with funds from its other pocket to prosecute the suit. Such a result is unacceptable.

 Finally, the Butterworths maintain that they are entitled to equitable relief under the substantial benefit doctrine.

They did not raise this issue in the pleadings, nor argue it before the trial court. We therefore find it unnecessary to reach this issue. *Jennings v. Roberts Scott & Co.*, 113 Ariz. 57, 546 P.2d 343 (1976).

The order of the trial court granting the Butterworths prejudgment indemnification of attorneys' fees is vacated. The matter is referred to the trial court for further proceedings.

HOLOHAN, C.J., GORDON, Vice Chief Justice, and CAMERON and FELDMAN, J., concur.