168 Ariz. 328 (1991)
812 P.2d 1146
RCJ CORP., et al.
v.
ARIZONA DEPARTMENT OF REVENUE, MARICOPA COUNTY.
No. TX 90-01242.
Tax Court of Arizona.
June 10, 1991.
*329 Fennemore Craig, P.C. by Paul J. Mooney and Jim L. Wright, Phoenix, for plaintiffs-appellants.
Attorney Gen. by Steven R. Partridge, Phoenix, for defendant-appellee Arizona Dept. of Revenue.
Maricopa County Atty. by James D. Winter, Phoenix, for defendant-appellee Maricopa County.

OPINION
MORONEY, Judge.
This is a property tax appeal pursuant to A.R.S. § 42-246 and A.R.S. § 42-177. This matter is before the Court on a Motion to Dismiss by Maricopa County. In its Complaint, the Taxpayer challenges the valuation of its property for the tax year 1990. 1990 property taxes were paid before they became delinquent. However, when suit was filed, second half property taxes for 1989 on the property had not been paid. The sole issue before the Court is whether the Taxpayer's failure to pay the prior year's taxes requires that its suit be dismissed. The Court holds that it does not.
IT IS ORDERED denying the Motion of Maricopa County to Dismiss.
Maricopa County cites to the Court A.R.S. § 42-177 and A.R.S. § 42-204, and argues that they have to be considered in pari materia. If, Maricopa County argues, the two statutes are considered together, they require the payment before delinquency of all taxes levied and assessed against the property, not just the taxes due for the year under review. If this requirement is not met, Maricopa County argues, a taxpayer's challenge to property taxes assessed against it cannot be maintained.
A.R.S. § 42-177 provides the procedure for taking property tax appeals to the Tax Court. Subsection E of § 42-177 provides that certain taxes on the property must be paid as a prerequisite to the appeal.
A.R.S. § 42-177(E) reads as follows:
All taxes levied and assessed against property on which an appeal has been filed by the owner thereof shall be paid under protest prior to the date the tax becomes delinquent. A receipt shall be given for the amount of such tax paid, and within forty-five days a copy of the receipt shall be filed by the owner with the clerk of the tax court. If such taxes are not paid prior to becoming delinquent, or if a copy of the receipt for payment is not so filed, the court shall dismiss the appeal.
By itself, § 42-177(E) is not difficult to interpret. A.R.S. § 42-177, together with *330 A.R.S. § 42-176 and A.R.S. § 42-178, sets forth the manner by which unhappy taxpayers take property tax appeals from the State Board of Tax Appeals to the Tax Court. Section 42-176 is the section which authorizes such appeals. It provides that "[a]ny taxpayer dissatisfied with the valuation or classification of his property as reviewed by the state board of tax appeals may appeal to the superior court in the manner provided by § 42-177 and not otherwise."
A.R.S. § 42-246 authorizes property tax appeals to the Tax Court from other than decisions of the State Board of Tax Appeals. It provides that "[a]ny person dissatisfied with the valuation or classification of his property as determined by the county assessor may appeal to the superior court in the manner provided in A.R.S. § 42-177 on or before November 1."
There is no automatic right to an appeal from a decision by an administrative agency. Such an appeal is a creature of statute. Therefore, the authorizing statute or statutes must be strictly followed. Otherwise there is no jurisdiction in the appellate court to entertain the appeal. County of Pima v. State Dep't of Revenue, 114 Ariz. 275, 560 P.2d 793 (1977) (en banc); Pesqueira v. Pima County Assessor, 133 Ariz. 255, 650 P.2d 1237 (App. 1982).
The above quoted portion of § 42-176 directs that appeals from valuation and classification decisions by the state board of tax appeals may only be pursued as authorized by § 42-177. A similar limitation exists in "direct" appeals authorized by § 42-246. It has long been the law that, in an appeal pursuant to § 42-177, the only issues which can be considered are those which involve valuation and classification. County of Maricopa v. Chatwin, 17 Ariz. App. 576, 499 P.2d 190 (1972).
A.R.S. § 42-177(E) is one of six subsections of § 42-177, all six of which set forth requirements for an appeal to the Tax Court. Subsection E requires that taxes levied and assessed against the property on which an appeal has been filed shall be paid prior to the date the tax becomes delinquent.
The intent of this subsection is the subject of discussion in County of Maricopa v. Chatwin, supra. After comparing the language of the statute with its predecessor statutes, the Court of Appeals concluded that the intent of Subsection E[1] is to allow the dissatisfied taxpayer to pursue his appeal rights under the statute with a minimum of delay, and without the necessity of waiting until the tax rate has been set and the actual amount of the tax determined and paid. Predecessor statutes[2] required that the taxes assessed against the property had to be paid before the appeal could be commenced.
A.R.S. § 42-221 defines the valuation date for each property tax year to be January 1. The same statute requires notice to the property owner before the valuation date if the valuation is to be increased over that of the preceding year. Both § 42-176 and § 42-246 set November 1 of the property tax year as the last day by which an appeal may be filed.[3] It is clear from a consideration of the time limits imposed by the various statutes which define property taxation in Arizona that the legislature intended that a tax appeal pursuant to § 42-177 only concern valuation and classification for a single tax year.
Maricopa County argues that "All taxes levied and assessed against property on which an appeal has been filed" includes taxes assessed in prior years which are delinquent when suit is filed. The statutory sentence concludes, "shall be paid ... *331 prior to the date the tax becomes delinquent." (emphasis added)
If the Court were to accept Maricopa County's version of what the statute intends, there could be no appeal if there had ever been delinquent taxes against the property. An argument can be made that the statutory language is intended only to reach taxes unpaid when suit is filed. There is nothing in the language itself, however, to indicate that the legislature intended so precisely to qualify the word "all". In any case, since one year's unpaid taxes may become delinquent before a subsequent year's valuations are established by the taxing authority, Maricopa County's interpretation of the statutory language could create a class of taxpayers denied a right to an appeal to the Tax Court even before the government does the act which precipitates the appeal.
After considering: the legislative objective in enacting the subsection, as deduced by the Court of Appeals in Chatwin; the limited scope of 42-177 appeals; and, the language of the subsection itself; the Court concludes that subsection E was not intended to reach beyond the single tax year pertinent to the appeal. The Court holds that "[a]ll taxes levied and assessed" means those taxes resulting from the valuation and classification which led to the appeal.
Maricopa County argues that A.R.S. § 42-177 should be read in pari materia with A.R.S. § 42-204. A.R.S. § 42-204 reads as follows.
A. Any person upon whom a tax has been imposed or levied under any law relating to taxation shall not be permitted to test the validity or amount of tax, either as plaintiff or defendant, if any of the taxes:
1. Levied and assessed in previous years against the property of the taxpayer have not been paid.
2. Which are the subject of the action are not paid prior to becoming delinquent.
3. Becoming due on the property during the pendency of the action are not paid prior to becoming delinquent.
B. No injunction, writ of mandamus or other extraordinary writ shall issue in any action or proceeding in any court against the state or an officer thereof, or against any county, municipality or officer thereof, to prevent or enjoin the extending upon the tax roll of any assessment made for tax purposes, or the collection of any tax imposed or levied.
C. Within one year after payment of the first installment of the tax, an action may be maintained to recover any tax illegally collected, and if the tax due is determined to be less than the amount paid, the excess shall be refunded in the manner provided by this title. Interest at the legal rate on the overpayment shall be payable from the date of overpayment. For the purpose of computing interest under any such judgment, if the tax was paid in installments, a pro rata share of the total overpayment shall be deemed attributable to each installment.
D. The department shall be a party to any action brought pursuant to this section.
E. Any taxpayer dissatisfied with the valuation or classification of his property may appeal to the superior court only in the time and manner prescribed in § 42-176, subsections A, B and C or § 42-246, whichever is applicable.
§ 42-204 is different in scope than § 42-177. Section 42-204 contemplates claims for relief from any inappropriate property taxation. It addresses applications for injunctive relief, and authorizes a refund for taxes illegally collected. Not only is its compass not limited to issues of valuation and classification, but § 42-204(E) removes such issues from its purview.
The difference in the application of the two statutes has been the subject of appellate review. In County of Maricopa v. Chatwin, 17 Ariz. App. 576, 580, 499 P.2d 190, 194 (App. 1972), in discussing the various approaches a dissatisfied taxpayer could use to seek relief, the Court of Appeals made the following comment. "It is important to note that this statute (§ 42-204) does not designate this approach as an *332 `appeal', and it is not governed by the procedural provisions of A.R.S. § 42-151 et seq. [now designated A.R.S. § 42-177 et seq.], nor is it entitled to the procedural advantages inherent in a § 42-151 appeal."
The Chatwin court went on to suggest that, if a taxpayer wanted the procedural dispatch embodied in what is now § 42-177, and was willing to accept that issues were limited to valuation and classification, he should file his claim pursuant to that statute. Otherwise he could pay his tax, and sue for a refund under § 42-204.
It should be noted that there have been numerous amendments to A.R.S. § 42-204 since the Chatwin case was decided. For one thing, subsection E was not a part of the statute until 1979. Chatwin held that valuation and classification issues could be raised in a claim for refund under § 42-204, if the taxpayer was willing to forego the procedural advantages of what is now § 42-177.
In 1976, the Court of Appeals visited the issue again. In Department of Property Valuation v. Salt River Project, 27 Ariz. App. 110, 551 P.2d 559 (1976), the Court stated that the exclusive method for determining issues of classification or valuation was pursuant to what is now A.R.S. § 42-177. This was contrary to Chatwin, which had held that such issues could be pursued in a suit for refund under A.R.S. § 42-204. In announcing its conclusion on this point, the Salt River court made no reference to Chatwin, although the earlier decision was cited elsewhere in the Salt River opinion.
The Arizona Supreme Court took review of Salt River "to correct certain statements made in the decision which limited the scope of the Arizona statute, A.R.S. § 42-204." Department of Property Valuation v. Salt River Project, 113 Ariz. 472, 473, 556 P.2d 1134, 1135 (1976). In a two page opinion, the Supreme Court reasserted the view expressed in Chatwin that issues of valuation and classification could be raised in a Section 42-204 suit for refund.
The Court assumes the legislature was aware of the struggle the state's appellate courts were having distinguishing the sweep of § 42-177 and § 42-204. In 1979, the legislature added Subsection E to § 42-204. Subsection E clearly expresses a legislative intent that valuation and classification not be included among the issues which can be litigated in an action brought pursuant to A.R.S. § 42-204. This enactment abrogated the holding of the Arizona Supreme Court in its version of Salt River.
The issue before the court, however, is the application of subsection A, of A.R.S. § 42-204, not subsection E. Maricopa County argues that A.R.S. § 42-177 must be interpreted in pari materia with A.R.S. § 42-204.
Statutes which relate to the same subject are in pari materia. A.R.S. § 42-177 and A.R.S. § 42-204 do not relate to the same subject. That they do not was the subject of much discussion in both the Chatwin and Salt River cases. A.R.S. § 42-177 provides for a somewhat structured procedure to appeal a taxing authority's valuation or classification of property subject to an ad valorem tax. A.R.S. § 42-204 provides a means by which a taxpayer can reclaim taxes illegally collected. The 1979 amendment to A.R.S. § 42-204 clearly separated the scope of the two statutes. A.R.S. § 42-176 and A.R.S. § 42-178 should be interpreted in pari materia with A.R.S. § 42-177, as should A.R.S. § 42-246. A.R.S. § 42-204, however, should not be so read.
This, however, does not end the matter. A.R.S. § 42-204 appears to be something of a potpourri of stand-alone tax directives. While both subsections A and B qualify causes of action authorized under subsection C, there is nothing in the language of either subsection A or B which limits its application to such cases. The question which the Court must answer is whether the legislature intended subsection A to apply to property tax appeals taken pursuant A.R.S. § 42-177.
The Court is of the opinion that it did not. If subsection A is interpreted to apply to appeals pursuant to 42-177, then subsection A conflicts with 42-177(E). 42-204(A) *333 is broader in its application than is 42-177(E). Every provision in § 42-177(E) which requires the timely payment of taxes is covered in § 42-204(A). If § 42-204(A) is interpreted to apply to appeals pursuant to § 42-177, then subsection E of § 42-177 is largely redundant. Statutes are to be interpreted so that no statutory language is excess or redundant. Walker v. City of Scottsdale, 163 Ariz. 206, 786 P.2d 1057 (App. 1989); City of Phoenix v. Yates, 69 Ariz. 68, 208 P.2d 1147 (1949).
As has been noted, A.R.S. § 42-204 was amended in 1979. Subsection E was added to the statute. Also added was the language in subsection A upon which Maricopa County relies.[4] In amending A.R.S. § 42-204 to add subsection E, it appears to be beyond question that the legislature contemplated the procedure for tax appeals provided by § 42-177. That it failed to amend or delete A.R.S. § 42-177(E) to conform to the changes which it was, at the same time, enacting in A.R.S. § 42-204(A) leads the Court to the firm conclusion that the legislature intended that A.R.S. § 42-177 and A.R.S. § 42-204 be mutually exclusive in scope.
The Court holds that a taxpayer may maintain a property tax appeal pursuant to A.R.S. § 42-177, if he pays, before they become delinquent, taxes assessed and levied on the property for the year of the valuation or classification which is the subject of the appeal, even though taxes assessed and levied in former years be delinquent.
NOTES
[1] County of Maricopa v. Chatwin, 17 Ariz. App. at 580, 499 P.2d at 194, refers to A.R.S. § 42-151. A.R.S. § 42-151 was renumbered and is now A.R.S. § 42-177.
[2] See A.R.S. § 42-146(B) prior to its amendment in 1971 and A.R.S. § 42-245 prior to its amendment in 1969.
[3] There are certain exceptions to the November 1 deadline set forth in A.R.S. § 42-176. A large majority of the property tax appeals filed in the Tax Court, however, are required to be filed before November 1 of the tax year.
[4] In 1979, A.R.S. § 42-204(A) was amended as follows. The statute as it existed before amendment is quoted below. The 1979 amendment deleted the bracketed language, and added that which is underlined.

A. Any person upon whom a tax has been imposed or levied under any law relating to taxation shall not be permitted to test the validity or amount [thereof] of tax, either as plaintiff or defendant if any of the taxes [levied and assessed against the property of appellant are not paid as provided in § 42-342, subsection B, paragraphs 2 and 3, except that in the case of private car companies the taxes shall be paid as provided in § 42-746]:
1. Levied and assessed in previous years against the property of the taxpayer have not been paid.
2. Which are the subject of the action are not paid prior to becoming delinquent.
3. Becoming due on the property during the pendency of the action are not paid prior to becoming delinquent.
Both the addition of subsection E, and the changes in subsection A, were enacted by Laws 1979, Ch. 199, § 23, effective May 2, 1979.