340 P.3d 1107

**SONORAN PEAKS, LLC, an Arizona Limited Liability Company, Plaintiff/Appellant,**

v.

**MARICOPA COUNTY, a political subdivision of the State of Arizona, Defendant/Appellee.**

**Wildcat Ridge, LLC, an Arizona Limited Liability Company, Plaintiff/Appellant,**

v.

**Maricopa County, a political subdivision of the State of Arizona, Defendant/Appellee.**

Nos. 1 CA–TX 13–0005, 1 CA–TX 13–0006.

Court of Appeals of Arizona, Division 1.

Jan. 13, 2015.

Bar Urness, PLC, Scottsdale By Roie M. Bar, Amy M. Urness, Counsel for Plaintiffs/Appellants.

Maricopa County Attorney's Office, Phoenix By Peter Muthig, Counsel for Defendant/Appellee.

Judge RANDALL M. HOWE delivered the opinion of the Court, in which Presiding Judge PATRICIA A. OROZCO and Judge MAURICE PORTLEY joined.

## OPINION

HOWE, Judge.

¶1 Sonoran Peaks, LLC and Wildcat Ridge, LLC (collectively "Taxpayers") appeal from the tax court's orders dismissing their real property tax appeals for the tax year 2012. Taxpayers argue that the tax court retained jurisdiction over their 2012 appeals for purposes of enforcing the parties' settlement agreements. Alternatively, Taxpayers argue that if the court did not have jurisdiction over the appeals, then it could not issue a ruling construing or interpreting the settlement agreements. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In December 2011, Taxpayers filed complaints in tax court challenging the valua-

tion of their real property for tax year 2012.[1] Although the Board of Tax Equalization determined that the property was agricultural in 2011, that determination did not carry forward to subsequent years. The complaints alleged that the Maricopa County Assessor (the "Assessor") should have valued Taxpayers' land as agricultural property, which receives favorable treatment under Arizona's real property tax scheme. *See* A.R.S. § 42–13101 (providing for favorable valuation of land used for agricultural purposes). Taxpayers later amended their complaints to add claims for tax year 2013.

¶3 In December 2012, Maricopa County (the "County") presented Taxpayers with settlement agreements, which Taxpayers signed and returned to the County. Because the settlement agreements required approval by the Maricopa County Board of Supervisors (the "Board"), the County termed them "conditional settlement recommendations." Under the terms of the settlement agreements, the County agreed to value the land as agricultural property for tax years 2012 and 2013, resulting in significant reductions to the full cash values of the property.

¶4 The following month, the Board approved the parties' settlements. The County notified Taxpayers of the Board's approval and requested that Taxpayers prepare proposed forms of judgment. The County Attorney's letter to Taxpayers stated: "If all taxes have been paid as required by law, I will execute and return the approved judgment to you so that you may file it in the Superior Court." The County Attorney also communicated to Taxpayers' counsel that:

> The Assessor advises me that the 2012 taxes were paid late on all of the parcels involved in both of the cases referenced above. If this is correct, the Court lost jurisdiction of the appeals for those years, and we will have to redo the settlement agreement to dismiss the 2012 appeals.

The record establishes that Taxpayers were delinquent in paying the first half of their 2012 taxes.

---

1. Although the two matters bore different tax court case numbers (TX 2011–000795 and TX 2011–000803), the parties litigated them in tandem, and the matters have similar factual and procedural histories. Because the appeals present the same legal issue, this Court consolidated them.

¶ 5 Following receipt of the County's proposed dismissal of their 2012 appeals, Taxpayers moved to enforce the parties' settlement agreements. The tax court denied Taxpayers' motions, concluding that "[t]here is no dispute that, although [Taxpayers] paid [their] tax bill in full, [they] did not do so in a timely manner. This is not in compliance with the terms of the agreement[s] or with the statutory requirement of timely payment." Thereafter, the County moved to dismiss for non-payment of taxes, and the tax court granted the motions. Taxpayers appeal from the orders dismissing their claims for tax year 2012.[2]

## DISCUSSION

■ ¶ 6 Taxpayers argue that the tax court erred in dismissing their 2012 tax appeals, contending that the court retained jurisdiction over their 2012 appeals for purposes of enforcing the settlement agreements. Alternatively, Taxpayers argue that if the tax court did not have jurisdiction over the appeals, then it could not issue a ruling construing or interpreting the settlement agreements. We review de novo the tax court's determination regarding jurisdiction and any issue of statutory interpretation. *See City of Bisbee v. Ariz. Water Co.*, 214 Ariz. 368, 372 ¶ 7, 153 P.3d 389, 393 (App.2007).

### 1. The Tax Court's Jurisdiction

■ ¶ 7 Taxpayers argue that the tax court maintained jurisdiction over the enforcement of the settlement agreements, despite their delinquent tax payments. The Arizona Constitution grants the Legislature the power to enact statutes providing for the taxation of property. *See* Ariz. Const. art. IX, § 2(13). A taxpayer's right to appeal the valuation of property is statutory, and "the

method provided by the Legislature is exclusive." *Pima Cnty. v. Cyprus–Pima Mining Co.*, 119 Ariz. 111, 113, 579 P.2d 1081, 1083 (1978). A taxpayer's failure to follow statutory procedures divests the tax court of jurisdiction. *See Arizona Dep't of Revenue v. Dougherty ex rel. Cnty. of Maricopa*, 198 Ariz. 1, 4 ¶ 16, 6 P.3d 306, 309 (App.2000), *approved in part, vacated in part*, 200 Ariz. 515, 29 P.3d 862 (2001).

¶ 8 Taxpayers brought their appeal pursuant to Chapter 16, which governs "property tax appeals and reviews." *See* A.R.S. §§ 42–16001 to –258. Section 42–16210(A) provides: "All taxes levied and assessed against property for the year on which an appeal has been filed by the property owner shall be paid before they become delinquent." *Id.* § 42–16210(A). Arizona real property taxes are due in two installments. *Id.* § 42–18052(A)–(B). The first-half payment is due October 1 of the tax year and becomes delinquent November 1 of that year. *Id.* The second-half payment is due March 1 of the year following the tax year and becomes delinquent May 1 of that year. *Id.*

■ ¶ 9 Section 42–16210(B), however, provides a "safe harbor" for taxpayers whose payments become delinquent: (1) if the first-half payment is delinquent, the taxpayer cures the delinquency by paying the full year tax on or before December 31; or (2) if the second-half payment is delinquent, the taxpayer cures the delinquency by paying the tax and interest by July 1. *Id.* § 42–16210(B)(1)–(2). If the taxpayer does not cure the delinquency by complying with subsection (B)(1) or (B)(2), then the court "shall dismiss the appeal." *Id.* § 42–16210(B). The requirement of timely payment is mandatory, not discretionary.[3] *Pima Cnty.*, 119 Ariz. at 114, 579 P.2d at 1084.

**2.** The parties settled Taxpayers' claims for tax year 2013, and the tax court entered judgments reducing the full cash values of Taxpayers' property for that tax year based upon the agricultural status of the property. The court retained jurisdiction over the 2013 appeals because the delinquency affected only tax year 2012. *See* A.R.S. § 42–16210(A) (requiring payment of taxes only "for the year on which an appeal has been filed").

**3.** As this Court has noted, absent this statutory requirement, delinquent taxpayers could file tax appeals to forestall the inevitable requirement of payment. *See Scottsdale Princess P'ship v. Maricopa Cnty.*, 185 Ariz. 368, 377, 916 P.2d 1084, 1093 (App.1995).

¶ 10 Here, because Taxpayers filed an appeal for the 2012 tax year, section 42–16210 requires that they must have paid all taxes for that year before they became delinquent. But the record clearly reflects that Taxpayers failed to timely pay their first-half taxes for 2012. The first-half payment became delinquent on November 1, but Taxpayers made their payment on November 28, twenty-seven days late. Taxpayers could have cured the delinquency and averted dismissal of their appeals by paying the full year tax on or before December 31, 2012. But they did not. Rather, Taxpayers waited until February to make their second-half payment. Although Taxpayers argue that they were not delinquent in paying their taxes because they had entered into a settlement agreement for the payment of taxes with the County, the settlement did not change the dates by which Taxpayers had to pay the taxes. Moreover, any settlement is not effective until the Board approves it, and the Board had not yet approved the settlement with Taxpayers when the taxes became due. In the absence of a final, enforceable settlement of the taxes, Taxpayers were required to timely pay their taxes pursuant to § 42–16210, and they did not. Arizona law thus required the tax court to dismiss Taxpayers' appeals.

¶ 11 Taxpayers argue further that pursuant to § 42–11004, the tax court maintained jurisdiction for purposes of enforcing the parties' settlement agreements, despite their delinquent tax payments. Specifically, they contend that once the parties settled, Taxpayers were no longer testing "the validity or amount of tax" as provided in § 42–11004, and therefore, they were not bound by that statute to pay their taxes timely. We disagree for two reasons. First, the tax court's jurisdiction over an appeal does not end when parties settle, but rather, when judgment is entered. *See id.* §§ 42–16213 to –16215. Second, Taxpayers filed their appeal under Chapter 16 and were required to comply with § 42–16210(B)—the statute requiring timely payment for all actions brought under Chapter 16—not § 42–11004. Moreover, to the extent that the two statutes conflict, section 42–16210 must trump in an appeal filed pursuant to Chapter 16. *See*

*RCJ Corp. v. Ariz. Dep't of Revenue,* 168 Ariz. 328, 812 P.2d 1146 (Ariz. Tax Ct.1991).

**2. The Parties' Settlement Agreement**

¶ 12 Taxpayers argue in the alternative that if the tax court no longer had jurisdiction, then it should not have issued rulings interpreting the settlement agreements. The tax court has jurisdiction only to the extent conferred by statute. *Weaver v. Weaver,* 131 Ariz. 586, 587, 643 P.2d 499, 500 (1982). Here, the court lost jurisdiction over the appeals following Taxpayers' delinquent payment, and, therefore, it lacked jurisdiction to interpret or enforce the settlement agreements. *Cf. Gabel v. Tatum,* 146 Ariz. 527, 529, 707 P.2d 325, 327 (App.1985) (explaining that if a court dismisses a case for lack of jurisdiction, it need not address other issues). But because we conclude that the tax court properly dismissed Taxpayers' appeal pursuant to § 42–16210, we decline to address the other issues Taxpayers raise. *See Freeport McMoRan Corp. v. Langley Eden Farms, LLC,* 228 Ariz. 474, 478 ¶ 15, 268 P.3d 1131, 1135 (App.2011) (declining to decide unnecessary issues or issue advisory opinions).

**CONCLUSION**

¶ 13 For the foregoing reasons, we affirm the tax court's dismissal of the Taxpayers' 2012 appeals.