NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SCOTT WEST, *Petitioner/Appellee,*

*v.*

STACEY LEE WEST, *Respondent/Appellant.*

No. 1 CA-CV 25-0609 FC

FILED 05-07-2026

Appeal from the Superior Court in Maricopa County
No. FN2024-050949
The Honorable Andrew J. Russell, Judge

**VACATED AND REMANDED**

COUNSEL

Reardon House Colton PLC, Scottsdale
By Sally M. Colton
*Counsel for Petitioner/Appellee*

The Law Office of Kristen Kaffer PLLC, Phoenix
By Kristen E. Kaffer
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1    Stacey Lee West (Wife) appeals from a decree of dissolution that denied her request for spousal maintenance and rejected her claim that Scott West (Husband) wasted community funds. As discussed below, the decree is vacated and this matter is remanded for reconsideration of the Spousal Maintenance Guidelines, *see* Arizona Revised Statutes (A.R.S.) § 25-319 app. (Guidelines)[1] and to further consider Wife's waste claim.

## FACTS AND PROCEDURAL HISTORY

¶2    The parties married in 1984. Wife has two adult sons from a prior relationship. The parties retired around 2018, when Husband was 59 and Wife was 56. They lived on savings. Both parties later received monthly Social Security benefits. Wife's gross monthly Social Security benefit is $1,298, while Husband's is $2,594. Wife now lives in the marital residence in Arizona with one of her adult sons. Husband is living with Wife's other adult son in the son's Washington home.

¶3    Husband petitioned for dissolution in May 2024. At trial, Wife claimed the parties had substantial savings (including a retirement account) when they retired, but it is now depleted because Husband made excessive and abnormal expenditures without her knowledge. Husband claimed that the parties simply lived beyond their means and depleted their savings after retiring early.

¶4    Both parties submitted spousal maintenance worksheets. Although Husband opposed any spousal maintenance award, his worksheet indicated a spousal maintenance range for the benefit of Wife of $514.22 to $726.98 a month, with a duration of 12 to 96 months. Attributing income to Husband in addition to his Social Security benefit, Wife's

---

[1] The Guidelines were amended effective September 1, 2025. *See* A.R.S. § 25-319 app., Credits (2025). Because the petition was filed before that date, this decision refers to the September 1, 2025 Guidelines unless otherwise noted.

worksheet showed a range for her benefit of $1,447.10 to $1,909.63, with a duration of 12 to 96 months.

¶5          The superior court found that Wife was eligible for an award of spousal maintenance under A.R.S. § 25-319(A). However, under A.R.S. § 25-319(B), it found Wife was not entitled to any spousal maintenance award. The court also concluded that Wife "presented no evidence" to show that Husband wasted community funds. This court has jurisdiction over Wife's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.      Application of the Guidelines.

¶6          The court found that, although Wife was eligible for spousal maintenance, she was not entitled to it. In doing so, it questioned whether Wife lacked sufficient resources to support herself because she allowed her adult son to live with her without paying rent. The court also found Husband's Social Security benefit was not sufficient to support him, so he could not afford to pay spousal maintenance. The court noted that Wife would get half the proceeds from the sale of the marital residence and was able to work to supplement her Social Security benefits.

¶7          The court, however, did not complete a Spousal Maintenance Worksheet using the Spousal Maintenance Calculator. *See* Guidelines § I(D) ("To calculate the spousal maintenance award, use the Spousal Maintenance Calculators found on the Supreme Court's website, www.azcourts.gov/familylaw/Child-Support-Family-Law-Information/ Spousal-Maintenance-Guidelines. To calculate the amount range, input relevant data into the information fields on the worksheet."). In 2022, the Arizona Legislature amended A.R.S. § 25-319 and directed the Arizona Supreme Court to establish what became the Guidelines. *See* Guidelines § I(A). "The amount of spousal maintenance resulting from the application of the [G]uidelines shall be the amount of spousal maintenance ordered by the court, unless the court finds in writing that applying the [G]uidelines would be inappropriate or unjust." A.R.S. § 25-319(B).

¶8          Consistent with this statutory directive, Guidelines § I(D) requires the court to calculate spousal maintenance under the Guidelines if it finds a party is eligible for spousal maintenance. The court may then deny an award of spousal maintenance if it determines the amount resulting from the Guidelines is inappropriate or unjust. *See* Guidelines § I(D). To determine whether the Guideline amount is inappropriate or unjust,

3

however, the court must first calculate the amount the Guidelines directs. *See id.* Under the Guidelines, a deviation first requires written findings stating the range of spousal maintenance indicated under the Guidelines. *See id.* § V(B)(2).

¶9         Having determined that Wife was eligible for spousal maintenance, a finding Husband does not dispute, the court then needed to (but failed to) determine the range by using the calculator. *See id.* § I(D). To be sure, after doing so, the court could deviate from the amount range, including making no award. *See id.* § V. But to do so, the court is required to make written findings stating why the amount within the range was inappropriate or unjust, *what the amount range would have been under the Guidelines* and what the amount is after deviating. *See id.* § V(B).

¶10         Here, the court did not apply the calculator before concluding that Wife was not entitled to spousal maintenance. As a result, the written findings do not state the range as required by Guidelines § V(B)(2). Under the Guidelines, that was error.

¶11         Husband argues that there was no deviation because Guidelines § V(E)(5) state that it is not a deviation to deny spousal maintenance when the parties' combined Spousal Maintenance Income is less than $44,000. According to Husband, the evidence showed the parties' net Social Security benefits were less than $44,000. However, Spousal Maintenance Income "includes income from any source *before any deductions or withholdings.*" Guidelines § III(A)(1)(b) (emphasis added). Husband's spousal maintenance worksheet and other evidence showed that the parties' combined income was $47,848. Although that combined income is just above the $44,000, it exceeds the threshold set forth in Guidelines § V(E)(5).

¶12         As Husband concedes, when the court finds a spouse eligible for spousal maintenance under A.R.S. § 25-319(A), it must complete the worksheet, apply the calculator and make required written findings to support a deviation. *See* Guidelines §§ I(D); V(B). Even though the court explained its decision to deny Wife's request for spousal maintenance, it failed to complete the worksheet, apply the calculator and make written findings about what the range would have been under the Guidelines. *See* Guidelines §§ (I)(D); V(B)(2). Accordingly, the order denying spousal maintenance is vacated and that issue is remanded for reconsideration.

**¶13**     Given that remand, which may implicate application of A.R.S. § 25-319(B), the court turns to Wife's argument that the court erred in considering certain factors under that statute. In analyzing Wife's financial resources, *see* A.R.S. § 25-319(B)(9), the court found that Wife's adult son lived with her in the marital residence rent-free, which it concluded "suggests" Wife "has sufficient financial resources and does not need spousal maintenance." The record reveals no mortgage payment on the marital residence. And there is no evidence that Wife gave her son money or paid his bills. Other than perhaps an unspecified amount of increased utilities, Wife would presumably have the same living expenses if she lived alone. Nor is there any evidence that the son paid Wife rent or that the court attributed any rental income to Wife. For these reasons, the record does not support a finding that Wife's adult son living with her means she does not need spousal maintenance.

**¶14**     Wife also suggests that the court should have attributed some income to Husband because he lives with her other adult son rent-free. *See* A.R.S. § 25-319(B)(4), (5). However, the evidence shows that Husband does, at times, contribute financially and has completed some home improvements. Thus, the record does not compel a conclusion that Husband was living rent-free.

## II.     Evidence of Waste.

**¶15**     Wife contends the superior court erred by denying her claim that Husband wasted community funds. The superior court may consider a spouse's excessive or abnormal expenditures or concealment of community property when determining spousal maintenance and when apportioning community property. *See* A.R.S. §§ 25-318(C), -319(B)(11); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346 ¶ 6 (App. 1998). The spouse claiming waste must make a prima facie showing to support the claim. *Gutierrez*, 193 Ariz. at 346 ¶ 7. Then the burden shifts to the other spouse to rebut that showing. *Id.* at 346-47 ¶ 7. A prima facie case requires some evidence to support a rational inference that the allegation is true. *See Kline v. Kline*, 221 Ariz. 564, 573 ¶ 35 (App. 2009).

**¶16**     The superior court found that Wife "presented no evidence to support her claim" that "Husband spent community funds extravagantly and is concealing community funds." That finding that there was insufficient evidence to establish a prima facie case is reviewed for an abuse of discretion. *Id.*

¶17        Wife presented evidence showing a prima facie case that some of Husband's expenditures may have been excessive or abnormal. Husband admitted that a Vanguard retirement account had a balance of $622,000 in 2017 when the parties retired, but only $700 in 2024. Wife showed there were several large withdrawals totaling more than $500,000 from the community's bank accounts in addition to the money used to buy houses. Wife testified that, other than buying houses, she was unaware of the large withdrawals; rather she thought Husband withdrew a couple of thousand dollars a month for living expenses. As in *Gutierrez*, 193 Ariz. at 347 ¶ 8, evidence of these multiple, large withdrawals that could not be directly traced to a community expense constituted a prima facie showing sufficient to shift the burden on Husband to explain the withdrawals.

¶18        Wife also showed that, a few months before he filed the petition for dissolution, Husband opened two bank accounts to which she had no access, and that he deposited $90,000 in community funds into one of those accounts. In evaluating whether Wife made a prima facie showing of waste, this timing supports an inference of concealing community funds. *See Goodell v. Goodell*, 257 Ariz. 563, 571-72 ¶ 36 (App. 2024).

¶19        Husband counters that he provided a reasonable explanation for the dissipation of the community funds and disputed Wife's ignorance of their spending. To be sure, Husband testified that the parties spent retirement and other community funds on community expenses. Although he could not account for all funds that Wife questioned, he explained that several of the large withdrawals were used to buy houses, a lot, a motor home, cars, vacations, expensive appliances, home renovations and to pay for general living expenses and taxes. He denied spending community funds on non-community expenses or diverting community funds to separate accounts. He also claimed that Wife was aware of the purchases.

¶20        The parties clearly presented conflicting evidence. But the record does not show that conflicting evidence was weighed and assessed. Instead, the court concluded that Wife presented "no evidence," which was incorrect. On appeal, this court does not determine witness credibility or weigh and assess conflicting evidence. *See Gutierrez*, 193 Ariz. at 347-48 ¶ 13; *see also Pugh v. Cook*, 153 Ariz. 246, 247 (App. 1987). Because Wife did make a prima facie showing, but no findings were made about Husband's rebuttal evidence, the waste finding is vacated and the issue is remanded to consider whether Husband rebutted the showing of waste.

**ATTORNEYS' FEES AND COSTS ON APPEAL**

**¶21**      Husband requests attorneys' fees and costs on appeal under A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of their positions, that request is denied. Wife is entitled to an award of her taxable costs on appeal under A.R.S. § 12-342 contingent upon her compliance with ARCAP 21.

**CONCLUSION**

**¶22**      The spousal maintenance and waste portion of the decree is vacated and remanded for reconsideration consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR