IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| TUMACACORI MISSION LAND | ) | 2 CA-CV 2012-0077 |
| DEVELOPMENT, LTD., an Arizona limited | ) | DEPARTMENT B |
| partnership, | ) | |
| | ) | O P I N I O N |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF SANTA CRUZ COUNTY

Cause No. CV09711

Honorable Kimberly A. Corsaro, Judge Pro Tempore

AFFIRMED

Gregory L. Droeger                                                                   Nogales
                                                             Attorney for Plaintiff/Appellant

Beaugureau, Hancock, Stoll & Schwartz, P.C.
  By Anthony J. Hancock and Terrance L. Sims                                        Phoenix
                                                          Attorneys for Defendant/Appellee

K E L L Y, Judge.

¶1         Tumacacori Mission Land Development, Ltd. (Tumacacori), appeals from

the trial court's ruling denying its motion to amend its complaint in a quiet title action.  It

argues the court should have allowed it to file its amended complaint to add theories of

easement by common law necessity and statutory private way of necessity despite the court's previous ruling granting summary judgment in favor of Union Pacific Railroad Company (Union Pacific) on Tumacacori's original easement claim.

**Factual and Procedural Background**

¶2       In 2009, Tumacacori filed a complaint seeking to quiet title to its right to use a roadway that crosses land owned by Union Pacific. The complaint alleged facts in support of a prescriptive easement theory.[1] The trial court denied Tumacacori's motion for summary judgment, which addressed only its prescriptive easement theory, but granted Union Pacific's cross-motion for summary judgment, which addressed both prescriptive easement and common law necessity theories. It concluded Tumacacori "[could] not obtain any private property interest over [Union Pacific's] railway because it is a public highway held for public use" under article XV, § 10 of the Arizona Constitution. This court affirmed the grant of summary judgment on appeal, holding "a private party may not obtain a prescriptive easement over a railway in Arizona."[2] *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 228 Ariz. 100, ¶ 15, 263 P.3d 649, 653 (App. 2011).

---

[1]The complaint also alleged "[t]he use of the roadway [wa]s necessary to the use and enjoyment" of Tumacacori's land. The parties dispute whether the original complaint also presented a common law necessity theory. Because it does not affect our disposition of this appeal, we need not resolve the issue.

[2]In the earlier appeal, Tumacacori raised only the issue of a prescriptive easement. Therefore, to the extent its complaint supported alternate easement theories, they were waived on appeal. *See* Ariz. R. Civ. App. P. 13(a)(6); *Polanco v. Indus. Comm'n*, 214 Ariz. 489, n.2, 154 P.3d 391, 393-94 n.2 (App. 2007) (argument not developed on appeal waived).

2

¶3	After this court affirmed summary judgment in favor of Union Pacific, but before this court's mandate had issued, Tumacacori filed a motion in the trial court to amend its complaint by adding theories of easement by common law necessity and easement by statutory necessity pursuant to A.R.S. § 12-1201. After a hearing, and after this court issued its mandate, the court denied the motion. This appeal followed.[3]

**Discussion**

¶4	We review a trial court's denial of a motion to amend a complaint for an abuse of discretion. *See Valley Farms, Ltd. v. Transcontinental Ins. Co.*, 206 Ariz. 349, ¶ 6, 78 P.3d 1070, 1073 (App. 2003). A party may amend its pleading once as a matter of course before a responsive pleading is served. Ariz. R. Civ. P. 15(a). After that, the court has discretion whether to grant leave to amend, but will allow amendments liberally. *Id.*; *MacCollum v. Perkinson*, 185 Ariz. 179, 185, 913 P.2d 1097, 1103 (App. 1996). A motion to amend should be granted "unless the court finds undue delay in the request, bad faith, undue prejudice, or futility in the amendment." *MacCollum*, 185 Ariz. at 185, 913 P.2d at 1103; *see also Owen v. Superior Court*, 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982). Although the trial court did not state the basis for its denial, we will affirm if the result is correct for any reason. *See Pugh v. Cook*, 153 Ariz. 246, 248, 735 P.2d 856, 858 (App. 1987).

---

[3]Although the denial of a motion to amend is not an appealable order when the challenge is made prior to final judgment, it may be appealed when, as in this case, final judgment has been entered. *See Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 596-97, 826 P.2d 1217, 1222-23 (App. 1991).

¶5        As a preliminary matter, once this court had affirmed the grant of summary judgment, all issues that could have been raised on appeal were conclusively adjudicated against Tumacacori, and the trial court could not take any action to "'hamper or impede'" the judgment's execution. *See Ferguson v. Superior Court*, 59 Ariz. 314, 319, 127 P.2d 131, 133 (1942), *quoting State v. Superior Court*, 22 Ariz. 452, 458, 197 P. 537, 539 (1921). And although a party may seek relief pursuant to Rule 60(c), Ariz. R. Civ. P., without first seeking to recall an appellate court's mandate, *U S West Commc'ns, Inc. v. Ariz. Dep't of Revenue*, 199 Ariz. 101, ¶ 11, 14 P.3d 292, 295 (2000), Tumacacori did not file such a motion.

¶6        Even assuming the trial court had the authority to consider Tumacacori's motion to amend, we agree with Union Pacific's contention that the court's grant of summary judgment was "res judicata as to all theories that [Tumacacori] asserted in this now-concluded action, or could have asserted." The doctrine of claim preclusion,[4] or res judicata, bars a claim "when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action."[5] *Hall v. Lalli*, 194

---

[4]We use the more modern term "claim preclusion" instead of res judicata. *See Airfreight Exp. Ltd v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, n.3, 158 P.3d 232, 236 n.3 (App. 2007).

[5]In its argument on a related issue, Tumacacori suggests the trial court's summary judgment order was not final when it sought to amend its complaint because this court had not yet issued its mandate following appeal. To the extent Tumacacori suggests this should limit the application of claim preclusion, we disagree. An order granting summary judgment is a final judgment on the merits notwithstanding the possibility it will be appealed. *See El Paso Natural Gas Co. v. Arizona*, 123 Ariz. 219, 222, 599 P.2d

4

Ariz. 54, ¶ 7, 977 P.2d 776, 779 (1999); *see also Aldrich & Steinberger v. Martin*, 172 Ariz. 445, 448, 837 P.2d 1180, 1183 (App. 1992).

**¶7** Tumacacori argues "[t]he parties' . . . motions for summary judgment focused on prescriptive rights," suggesting the trial court's grant of summary judgment was not final for purposes of claim preclusion because it disposed of only one theory, rather than its entire amended claim. As a preliminary matter, we disagree with Tumacacori's contention that Union Pacific's cross-motion for summary judgment addressed only the prescriptive easement theory. In its cross-motion, it argued Arizona law "preclude[d] [Tumacacori] from acquiring a prescriptive easement or private way of necessity against the railroad." And the court concluded Union Pacific was entitled to summary judgment because Tumacacori "[could ]not obtain any private property interest over [Union Pacific's] railway." Accordingly, this court in the previous appeal determined it had jurisdiction because final judgment had been entered. *Tumacacori Mission Land Dev.*, 228 Ariz. 100, ¶ 2, 263 P.3d at 650 (jurisdiction pursuant to A.R.S. § 12-2101(A)(1)).

**¶8** Because the trial court entered final judgment resolving its cause of action, Tumacacori is barred from bringing another action "'based on the same claim'" it has litigated already, notwithstanding that some theories may not have been raised in the trial

---

175, 178 (1979) (summary judgment conclusive for res judicata purposes); *see also* Restatement (Second) of Judgments § 13, cmt. f (1982) (finality not affected by fact taking of appeal operates as stay of judgment); *cf.* Restatement (Second) of Judgments § 16, cmt. a (1982) (judgment may be regarded as final for res judicata notwithstanding potential reversal on appeal).

court. *Airfreight Exp. Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, ¶ 12, 158 P.3d 232, 237 (App. 2007), *quoting Dressler v. Morrison*, 212 Ariz. 279, ¶ 15, 130 P.3d 978, 981 (2006). A single claim cannot be "split," and "'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Heinig v. Hudman*, 177 Ariz. 66, 71, 865 P.2d 110, 115 (App. 1993), *quoting* Restatement (Second) of Judgments § 24 (1982). "Transaction" is interpreted pragmatically by considering whether the underlying facts are "related in time, space, origin, or motivation," and whether the parties would expect them to be treated as a unit for trial. Restatement § 24.

¶9        In the analogous context of appellate jurisdiction, Arizona case law has established that multiple easement theories seeking the same right of access cannot be split into multiple claims. In *Robinson v. Kay*, 225 Ariz. 191, ¶¶ 3, 6, 7, 236 P.3d 418, 419, 420 (App. 2010), this court determined it lacked appellate jurisdiction over a quiet title action when the trial court had resolved a claim under an implied easement theory, but had not resolved another purported claim seeking to establish the same easement using a prescriptive easement theory. Even in the context of Rule 54, Ariz. R. Civ. P. certification, which allowed the court to direct entry of final judgment as to fewer than all claims, appellants could not appeal the ruling until all easement theories had been resolved because they "support[ed] 'only a single claim for relief.'" *Robinson*, 225 Ariz. 191, ¶ 6, 236 P.3d at 420, *quoting Musa v. Adrian*, 130 Ariz. 311, 313, 636 P.2d 89, 91 (1981).

¶10     We agree with the approach of the Restatement (Second) of Judgments § 25 (1982), which applies the principle explained in *Robinson* in the context of claim preclusion. It explains that a final judgment extinguishes a claim "even though the plaintiff is prepared in [a] second action . . . [t]o present . . . grounds or theories of the case not presented in the first action." Restatement § 25. Both the original complaint and the proposed amended complaint sought access across Union Pacific's land using a roadway known as the "Old Bailey Crossing." Accordingly, the facts underlying both versions of the complaint were related, if not identical, in "time, space, origin, or motivation." Restatement § 24. Therefore, because the trial court had rendered judgment on Tumacacori's original easement claim, Tumacacori was barred from seeking to amend its claim to establish the same easement, even if it was prepared to do so using an alternate theory. *Hall*, 194 Ariz. 54, ¶ 7, 977 P.2d at 779.

¶11     Tumacacori objects to the application of claim preclusion under these circumstances because "quiet title is an equitable action" and equity will not "suffer a wrong without a remedy." And it argues it has been denied a "fair opportunity" to present its amended claim. However, claim preclusion does not prevent a party from presenting alternate theories in its first action,[6] and it protects such competing interests as: "(1) finality in litigation; (2) the prevention of harassment; (3) efficiency in the use of

---

[6]In its reply brief, Tumacacori argues it did not have a cause of action for easement by necessity until the trial court "cut off" the easement by not accepting its prescription theory. However, the court could not "cut off" an easement right that did not exist, and Tumacacori "was allowed to plead inconsistent theories up until the conclusion of the trial." *Canton v. Monaco P'ship*, 156 Ariz. 468, 470, 753 P.2d 158, 160 (App. 1987).

the courts; and (4) enhancement of the prestige of the courts." *Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 426, 880 P.2d 642, 646 (App. 1993).

**¶12** Because the trial court's grant of summary judgment on Tumacacori's quiet title claim precluded it from bringing an amended claim to establish the same easement under a different theory, *Hall*, 194 Ariz. 54, ¶ 7, 977 P.2d at 779, it would have been futile to permit Tumacacori to amend its complaint. Therefore, the court did not abuse its discretion by denying the motion to amend.[7] *MacCollum*, 185 Ariz. at 185, 913 P.2d at 1103.

### Disposition

**¶13** For the foregoing reasons, we affirm the trial court's ruling.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

---

[7]Because we have determined the trial court did not abuse its discretion in denying the motion to amend based on claim preclusion, we need not address the parties' additional arguments. *See Pugh*, 153 Ariz. at 248, 735 P.2d at 858 (must affirm if result correct for any reason).