**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM A. GRAVEN, named as Will Graven, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> DANIEL V. ESPOSITO; et al., <br><br> Defendants - Appellees. | No. 12-17442 <br><br> D.C. No. 2:11-cv-01228-SRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

William A. Graven appeals pro se from the district court's judgment

dismissing his diversity action alleging that defendants engaged in fraud in the

negotiation and drafting of a settlement agreement.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion the district court's decision to enforce a forum selection clause under Federal Rule of Civil Procedure 12(b)(3), *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004), and de novo its dismissal on the basis of res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in enforcing the forum selection clause as to the claims against the Baums, which required any action involving the interpretation or enforcement of the settlement agreement to be brought in the San Bernardino County, California Superior Court, because the court correctly concluded that the clause was enforceable, and the enforcement of the forum selection clause was reasonable. *See Murphy*, 362 F.3d at 1140 ("[F]orum selection clauses are presumptively valid" unless the party challenging the clause "'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" (citation omitted)).

The district court properly dismissed Graven's claims against the Espositos as barred by the doctrine of res judicata because Graven raised or could have raised these claims in his prior Arizona state court action that was brought against the Espositos and resulted in a dismissal with prejudice. *See Constantini v. Trans*

*World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("[A] federal court sitting in diversity must apply the res judicata law of the state in which it sits."); *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 297 P.3d 923, 925 (Ariz. Ct. App. 2013) (discussing the elements of claim preclusion under Arizona law).

We reject Graven's contentions regarding judicial bias.

**AFFIRMED**.