ANOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ARIZONA PUBLIC INTEGRITY ALLIANCE, INC. and
PACE ELLSWORTH,
*Plaintiffs/Appellants,*

*v.*

MARICOPA COUNTY SPECIAL HEALTH CARE DISTRICT;
BETSEY BAYLESS; MARY A. HARDEN; MARK DEWANE;
SUSAN GERARD; ELBERT BICKNELL;
TERENCE McMAHON; and MERCY MARICOPA
INTEGRATED CARE,
*Defendants/Appellees.*

No. 1 CA-CV 14-0604
FILED 10-8-2015

---

Appeal from the Superior Court in Maricopa County
No.  CV2013-009292
The Honorable Randall H. Warner, Judge
The Honorable Douglas Rayes, Judge (Retired)

**AFFIRMED**

---

COUNSEL

Tiffany & Bosco, PA, Phoenix
By Christopher A. LaVoy, Richard E. Oney
*Counsel for Plaintiffs/Appellants*

Dickinson Wright, PLLC, Phoenix
By Gary L. Birnbaum, Andrew L. Pringle, Bradley A. Burns
*Counsel for Defendants/Appellees Maricopa County Special Health Care District,
Bayless, Harden, Dewane, Gerard, Bicknell & McMahon*

Coppersmith Brockelman, PLC,
By Roopali H. Desai, Andrew S. Gordon, Melissa A. Soliz
*Counsel for Defendant/Appellee Mercy Maricopa Integrated Care*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1        Arizona Public Integrity Alliance, Incorporated (APIA) and Pace Ellsworth (collectively Appellants) appeal the trial court's grant of a motion to dismiss in favor of Maricopa County Special Health Care District (the District), Betsey Bayless, Mary A. Harden, Mark Dewane, Susan Gerard, Elbert Bicknell, Terence McMahon, and Mercy Maricopa Integrated Care (MMIC) (collectively Appellees). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        APIA is an Arizona nonprofit corporation founded to "advance the principles of limited, constitutional government[,] integrity and accountability in government and public officials[,] government fiscal responsibility[,] and lower taxes." Ellsworth serves as an APIA director.

¶3        The District is "a special healthcare district and a political subdivision of the State of Arizona." It operates several healthcare centers including the Maricopa Medical Center, which is the largest public hospital in Arizona. In both 2012 and 2013, Bayless, the District's President

Emeritus, together with Appellees Harden, Dewane, Gerard, Bicknell, and McMahon served as board members.

¶4        The District holds a minority membership interest in MMIC, also a nonprofit Arizona corporation.  In 2013, the Arizona Department of Health Services awarded MMIC a contract to become the Maricopa County Regional Behavioral Health Authority (RBHA) to provide integrated medical and behavioral healthcare services to Medicaid eligible adults with serious mental illnesses.  The District provided an initial $5 million capital contribution to MMIC and subsequently executed a $5 million promissory note payable upon commencement of the RBHA contract (the transaction).

¶5        Appellants brought suit, arguing the District's membership interest in MMIC violated Article 9, Section 7, of the Arizona Constitution.  Appellants also alleged the District's initial $5 million contribution was paid "from one or more accounts containing funds derived from the District's property tax levy or comingled with them" in violation of  Article 9, Sections 3 and 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) section 48-5561.  Moreover, Appellants claimed that the amount of property taxes levied for the District increased from $57.9 million in 2013 to $62.5 million in 2014 and by 56% since 2006.

¶6        Appellants asserted that APIA had standing to sue in a representative capacity on behalf of its directors.  Alternatively, Appellants claimed that Ellsworth had standing as a taxpayer and that both Appellants had "common law standing" to bring suit.  Appellants sought, *inter alia*, declaratory and injunctive relief and an award for civil penalties.

¶7        The trial court granted Appellees' motion to dismiss, finding Appellants lacked standing to assert their claims.  The court also denied Appellants' request for leave to file a second amended complaint.  Appellants timely appealed and we have jurisdiction pursuant to Article 6, section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1 and -2101.A.1 (West 2015).[1]

## DISCUSSION

¶8        We review an order granting a motion to dismiss de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).  We accept all facts

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

asserted by the non-moving party as true. *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 73, ¶ 2 (App. 2009).

I.      Standing

**¶9**          Appellants first assert that their amended complaint alleged sufficient facts to establish their standing to bring suit as taxpayers. We review a trial court's determination of whether a party has standing de novo. *Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 562, ¶ 16 (App. 2003).

**¶10**          To determine a taxpayer's standing, a court must consider what interest a taxpayer is protecting. *Dail v. City of Phoenix*, 128 Ariz. 199, 201 (App. 1980). In *Dail*, a taxpayer (Dail) brought an action against the City of Phoenix and Presley of Arizona, requesting that the court void the contract between the city and Presley. *Dail*, 128 Ariz. at 200. The trial court granted a motion for summary judgment against Dail, finding that he lacked standing. *Id*. We held that in order "to have standing a [taxpayer] must be able to demonstrate a direct expenditure of funds that were generated through taxation, an increase levy of tax, or a pecuniary loss attributable to the challenged transaction." *Id*. at 202. Moreover, we noted that the rationale behind taxpayer standing is to permit taxpayers to protect their "equitable ownership" of expended funds and their liability to replenish them. *Id*. at 201-02 (citation omitted). We concluded that Dail did not have standing because the disputed transaction was not funded from taxpayer funds. *Id.* at 202.

**¶11**          In this case, the trial court found that Appellants did not have standing to challenge the transaction because they failed to allege sufficient facts that the transaction fell into one of the *Dail* categories and to state a claim upon which relief could be granted. The court concluded, "At best, an inference could be drawn that tax funds *might* have been expended. This falls short of Ellsworth's burden under *Dail*."

**¶12**          It is undisputed that the District is funded, in part, through property tax revenues. The first amended complaint asserted that the taxes levied on behalf of the District increased from $57.9 million in 2013 to $62.5 million in 2014. However, the amended complaint did not allege a causal relationship between the transaction and the tax-levy increase. Because Appellants did not allege an increased tax levy *attributable to the challenged transaction*, the trial court correctly found that Appellants cannot predicate their standing under the second *Dail* factor. *Id.* (emphasis added).

**¶13** The amended complaint also alleged the District's $5 million payment to MMIC came from "one or more accounts containing funds derived from the District's property tax levy or commingled with them." Appellees argue Appellants failed to allege a direct expenditure of tax funds under *Dail*. The amended complaint alleged the District is funded, in part, through property tax revenues and Appellants alleged that the transaction was funded via an account containing or comingled with property tax funds. And, Appellants conceded in oral argument before this court that they cannot allege that the $5 million came from an account "containing funds derived from the District's property tax levy."

**¶14** As Appellees correctly contend "[t]he allegation that payment was made from an account containing 'commingled' funds from multiple sources[,] without more[,] does not allege that funds from a particular source were expended." Thus, we affirm the trial court's ruling that Appellants lacked standing.

II. Leave to Amend

**¶15** Appellants requested leave to further amend their complaint. The trial court denied Appellant's motion "based on undue delay and futility in the amendment." We review the trial court's denial for an abuse of discretion. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013).

**¶16** "Leave to amend shall be freely given when justice requires." Ariz. R. Civ. P. 15(a)1.B. The trial court has discretion to grant leave, but amendments should be granted liberally so that cases may be decided on the merits instead of on "mere technicalities of pleadings." *Cathemer v. Hunter*, 27 Ariz. App. 780, 786 (App. 1976). "While leave to amend may be denied when the proposed amendment is futile, it should be granted when the underlying facts or circumstances relied upon may be a proper subject of relief." *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 471, ¶ 40 (App. 2007) (citations and punctuation omitted).

**¶17** The trial court properly denied Appellants' request to amend its complaint on grounds of futility. We agree with the trial court that Appellants' requested amendment would be futile because Appellants conceded at oral argument that they cannot allege a direct expenditure from tax funds.

5

II.    Fees

¶18    Appellants request an award for their attorney fees under the private attorney general doctrine. *See Cave Creek Unified Sch. Dist. v. Ducey*, 231 Ariz. 342, 353, ¶ 34 (App. 2013) ("The doctrine is an equitable rule which permits courts in their discretion to award attorneys' fees to a party who has vindicated a right that: (1) benefits a large number of people; (2) requires private enforcement; and (3) is of societal importance.") (citation and internal punctuation omitted).  Because Appellants were not successful on appeal, we deny the request.

**CONCLUSION**

¶19    For the forgoing reasons, we affirm the trial court's dismissal of Appellants' complaint.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama