NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BERNA BOLAND, *Plaintiff/Appellant,*

*v.*

DISCOUNT TIRE COMPANY INC, et al., *Defendants/Appellees.*

No. 1 CA-CV 16-0370
FILED 12-21-2017

Appeal from the Superior Court in Maricopa County
No. CV2012-007848
The Honorable J. Richard Gama, Judge, *Retired*

**AFFIRMED**

COUNSEL

McAllister Law Firm PC, Glendale
By Michael L. McAllister
*Co-Counsel for Plaintiff/Appellant*

Rowley Chapman Barney & Buntrock LTD, Mesa
By Kevin J. Chapman
*Co-Counsel for Plaintiff/Appellant*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Matthew D. Kleifield, Robert C. Ashley
*Co-Counsel for Defendants/Appellees*

Lowis & Gellen LLP, Phoenix
By Galen H. Satterlee, C. J. Gibbs
*Co-Counsel for Defendants/Appellees*

Discount Tire Company, Scottsdale
By Christian K. G. Henrichsen
*Co-Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Margaret H. Downie (retired) joined.

---

**B R O W N**, Judge:

¶1        Berna Boland appeals the superior court's judgment in favor of Discount Tire Company, Inc. and Discount Tire Direct, Inc. (collectively, "Discount Tire"). She argues the court erred by denying her two motions to amend and granting Discount Tire's motion for summary judgment. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        This litigation arises from an accident that occurred in May 2010. Boland was driving a 2003 Mazda B3000 when her vehicle's right rear tire failed, causing an immediate loss of air (blowout) due to a tread puncture. Boland lost control and suffered serious injuries as the vehicle rolled and crashed on the pavement. Boland purchased the tires from Discount Tire on February 14, 2009 and drove about 12,500 miles between the date of purchase and the accident.

¶3        Boland filed a lawsuit in the superior court in May 2012, and filed an amended complaint shortly thereafter, prior to serving any of the named defendants. From the outset of the litigation, Boland focused on a product liability claim against Goodyear, which manufactured the tire, and Discount Tire, as the distributor. But Boland also included a claim against

Discount Tire for negligence and negligent misrepresentation.[1]  The court appointed a special master to assist with numerous discovery issues, including establishing ground rules for testing and analysis of the damaged tire.

¶4　　　　In August 2014, Boland sought leave to file a third amended complaint, alleging the following new claims against Discount Tire: consumer fraud, fraudulent concealment, emotional distress, and breach of the covenant of good faith and fair dealing.[2]  In support of her request, Boland explained she no longer had a "strict liability case" against Goodyear or Discount Tire, and argued in part that the amendment was proper based on "an evolution of the original negligence case against Discount [Tire]."[3]  The superior court denied Boland's request to add any new claims against Discount Tire and allowed her to proceed on the negligence claim originally asserted against Discount Tire, but under an entirely new theory—the tire blowout was ultimately caused by a tool negligently left inside the tire when Boland purchased the tires.

¶5　　　　In January 2016, Discount Tire moved for summary judgment, asserting Boland could not establish through appropriate expert testimony that a tool left inside the tire caused the blowout.  The superior court granted the motion, concluding that Boland failed to establish

---

[1]　　　　For reasons not clear from the record, Boland filed a second amended complaint in September 2012, without leave of the court.  *See* Ariz. R. Civ. P. ("Rule") 15(a)(1)-(2).  Regardless, the allegations of the second amended complaint have no bearing on the issues raised in this appeal.

[2]　　　　Boland also sought to add claims against three new parties (Ford, Mazda, and Bell Honda), which the superior court denied.  Although Boland suggests those claims should have been allowed to move forward, her opening brief explicitly confirms she is not seeking to overturn the court's ruling as to Ford or Bell Honda.  And because she fails to make any argument on appeal that the court erred in denying her third motion to amend as it relates to Mazda, she has implicitly confirmed her intent not to challenge that portion of the court's ruling.

[3]　　　　The superior court dismissed Boland's claims against Goodyear in September 2014.  Boland's product liability claim against Discount Tire was apparently withdrawn when she filed her third amended complaint.  Also, the court dismissed Boland's negligent misrepresentation claim against Discount Tire in October 2015.

through "admissible evidence [ ] a *prima facie* case of negligence" against Discount Tire.

**¶6**         While the motion for summary judgment was pending, Boland moved for leave to file a fourth amended complaint, alleging that Discount Tire failed to warn her of the "highly dangerous consequences of a tire disablement on her vehicle." The court denied Boland's motion based on undue delay and the resulting prejudice to Discount Tire. The court then entered judgment dismissing Boland's claim, and awarded taxable costs to Discount Tire in the amount of $72,676.65. Boland timely appealed.

## DISCUSSION

### A.    Motions to Amend

**¶7**         Boland argues the superior court erred by denying her third and fourth motions to amend her complaint, contending new information had been discovered that led to new causes of action.

**¶8**         We review the denial of a motion to amend for an abuse of discretion. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013) (citation omitted). The superior court has discretion whether to grant leave to amend, and will allow amendments liberally unless it finds specific cause, such as undue delay or futility, to deny the amendment. *See* Rule 15(a)(2) ("Leave to amend must be freely given when justice requires."). In determining whether the court abused its discretion, we presume the truth of the facts alleged in the proposed complaint. *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996). A finding of undue delay requires more than a party merely seeking to amend late in the proceedings. *See Owen v. Superior Court*, 133 Ariz. 75, 79 (1982). Denial of leave to amend is "a proper exercise of the court's discretion when the amendment comes late and raises new issues requiring preparation for factual discovery which would not otherwise have been necessitated nor expected, thus requiring delay in the decision of the case." *Id.* at 81.

**¶9**         In denying Boland's request to file a third amended complaint, the court declined to allow four new claims against Discount Tire because the motion was unduly late and permitting the claims to move forward would have been prejudicial. The court noted that Boland had "completely changed the factual basis and legal focus of the negligence claim" she had already asserted. The court determined that the newly-asserted claims arose from factual circumstances and issues that were present in the case since its inception. At the time of Boland's motion, the only claims pending against Discount Tire were for negligence, product

4

liability, and negligent misrepresentation. Discount Tire had been defending these claims for almost three years by the time the court held oral argument on the motion to amend, and Boland failed to offer any compelling justification as to why the new claims could not have been asserted much earlier in the litigation. Thus, we conclude the court did not abuse its discretion by denying Boland's attempt to add four new claims at that stage of the litigation.[4]

¶10 Similarly, the superior court denied Boland's request to file a fourth amended complaint, in which she sought to add a negligent failure to warn claim against Discount Tire, based on undue delay and prejudice. The court found that Boland offered "no substantial explanation, much less a compelling one, why this currently offered claim could not and should not have been filed years ago." Given the circumstances surrounding the proposed amendment, the court acted within its discretion in denying Boland's motion to add the failure to warn claim.

## B. Summary Judgment

¶11 Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a). We review a grant of summary judgment de novo and view the record in the light most favorable to the party opposing summary judgment. *Barth v. Cochise Cnty., Ariz.*, 213 Ariz. 59, 61, ¶ 2 (App. 2006). When the party moving for summary judgment makes a *prima facie* showing that no genuine issue of material fact exists, the burden shifts to the opposing party to produce sufficient competent evidence to show that there is an issue. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 114-15, ¶ 12 (App. 2008). Finally, "[w]e will affirm if the trial court's disposition is correct for any reason." *Logerquist v. Danforth*, 188 Ariz. 16, 18 (App. 1996).

¶12 In its motion for summary judgment (accompanied by a separate statement of facts), Discount Tire asserted that (1) despite its repeated requests, Boland had failed to provide expert witness testimony meeting the admissibility standards of Arizona Rule of Evidence 702; (2) Boland's theory of liability required expert testimony because it depends

---

[4] Although we find no abuse of discretion on the grounds discussed here, we do not address other findings made by the superior court that do not affect our decision, such as the determination that the new claims "do not relate back to the initial complaint." *See Tumacacori*, 231 Ariz. 517, 519, ¶ 4 (recognizing, in the context of a motion to amend, that an appellate court will affirm a trial court's decision if it is correct for any reason).

on technical and engineering knowledge; (3) a qualified expert must provide evidence of how an object left inside a tire can cause a blowout because making that connection was beyond the common knowledge of a jury; and (4) the theory of *res ipsa loquitur*, which permits an inference of negligence, was inapplicable.

**¶13** In her response (with no separate statement of facts), Boland stated that affidavits would follow, but asserted (1) her attached disclosure statements provided ample evidence that Discount Tire was negligent; (2) no expert testimony was necessary to establish causation; and (3) the superior court should first rule on her pending motion for judgment on the pleadings to determine whether Discount Tire had waived all affirmative defenses.[5] Boland asserted that "[i]t turns out that a layman could determine the tire failed from the inside" but that how it failed "needed to be answered by using various techniques, analyses, and it has resulted in a very powerful set of opinions, unrebutted in this case." She asserted, however, there was no requirement that she provide expert testimony before Discount Tire is required to disclose "facts and theories" underlying its defense. Nonetheless, Boland asserted that she would "have affidavits from her experts shortly." She did not request additional time in which to file her response, nor did she file a "request for relief and expedited hearing" under Rule 56(f),[6] which would have allowed her to explain why she was unable at the time to "present evidence essential to justify [her] opposition."

**¶14** Discount Tire replied that Boland failed to present any evidence that would raise a triable issue of fact on causation and that Boland was precluded under Rule 7.1(a) from filing her expert witness affidavits at a later time. Thus, according to Discount Tire, Boland failed to controvert the motion for summary judgment with admissible evidence. *See Dietz v. Lopez*, 179 Ariz. 355, 356 (App. 1994) ("A motion for summary judgment must be granted if the party with the burden of proof . . . presents no admissible evidence which creates a material issue of fact."). Boland

---

[5] Boland attached her preliminary expert disclosure statement, discovery responses, an amended disclosure statement, and a declaration of counsel indicating in part that expert witness affidavits could not be secured within the time required for a response and that "further facts, circumstances and matters will be placed in a Statement of Facts" as is necessary and appropriate.

[6] Rule 56(f) was re-numbered as Rule 56(d), effective January 1, 2017. As relevant here, the two versions are not materially different.

then filed her supplemental response, which included the affidavits of her two experts opining as to how a tool left in the tire eventually caused the tire to fail.

**¶15**		In granting the motion for summary judgment, the superior court found that "a supplemental response is not authorized by the Rules" and that under Rule 7.1(a), affidavits that are not timely filed "should not be considered."  The court also found that the "mechanism of failure" alleged to have caused the tire blowout is not within the "common knowledge or understanding of a typical juror such that a jur[or] may infer negligence."  The court therefore concluded that expert testimony was required to establish causation and that *res ipsa loquitur* was inapplicable. Further, the court found there was "an absence of admissible evidence" connecting Discount Tire's alleged practices in installing the tire on Boland's vehicle to the "proximate cause of the tire's subsequent puncture and failure.  At best there is alleged a speculative link."  Thus, the court concluded that Boland failed to meet her "burden of production to establish admissible evidence of a *prima facie* claim of negligence."  On appeal, Boland argues the court erred in (1) disregarding her supplemental response because it improperly applied Rule 7.1, and (2) finding that expert testimony was required and *res ipsa loquitur* was not applicable.[7]

### 1.		Supplemental Response

**¶16**		Rule 7.1(a)[8] permits the filing of a motion accompanied by a memorandum, an answering memorandum, and reply memorandum.

---

[7]		Given our conclusion that Boland failed to timely present admissible expert witness evidence supporting her negligence claim, we need not specifically address the superior court's finding that she also failed to present admissible evidence showing anything more than a "speculative link" between Discount Tire's alleged practices in installing the tire on Boland's vehicle and the cause of the blowout.  Additionally, we do not address Boland's argument that the court erred in failing to consider her motion for judgment on the pleadings filed after Discount Tire filed its motion for summary judgment.  By granting summary judgment and concluding that Boland failed to meet her burden of establishing a *prima facie* case of negligence against Discount Tire, the court implicitly denied Boland's motion for judgment on the pleadings.

[8]		We cite the version of Rule 7.1 as it was in effect at the time of the summary judgment proceedings.  The current version, adopted as of

Additionally, "affidavits supporting the motion shall be filed and served together with the motion." Rule 7.1(a). We review rulings under Rule 7.1 for abuse of discretion, *Schwab v. Ames Const.*, 207 Ariz. 56, 60, ¶ 17 (App. 2004), which is discretion that is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons," *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009).

**¶17** Without citation to authority, Boland asserts that application of Rule 7.1(a) is not mandatory and thus she could properly continue responding to Discount Tire's motion for summary judgment before oral argument or the court's ruling. But nothing in the rule permits the filing of supplemental evidence in support of a memorandum without a court order. Rule 7.1(a); *see Bohmfalk v. Cochise Cnty.*, 2 CA-CV 2015-0137, 2016 WL 3434717, at *5, ¶¶ 29-31 (Ariz. App. June 20, 2016) (mem. decision) (finding the superior court did not abuse its discretion in granting a motion to strike supplemental facts in response to a motion for summary judgment). Given the plain language of the rule and the posture of the litigation, together with Boland's failure to file a Rule 56(f) request for relief, the superior court did not abuse its discretion in declining to consider Boland's supplemental response. Thus, Boland did not submit admissible expert testimony in response to the motion for summary judgment, which means her negligence claim fails if such evidence was required to support her claim.

## 2. *Res Ipsa Loquitur*/**Expert Testimony**

**¶18** A plaintiff asserting negligence must prove: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007). The plaintiff bears the burden of proof on the issue of proximate cause, which is described as a "natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990). Summary judgment may be granted when the "plaintiff's evidence does not establish a causal connection, leaving causation to the jury's speculation, or where reasonable persons could not differ on the inference derived from the evidence . . . ." *Id.* Boland argues that in addition to "circumstantial evidence, the principles of *res ipsa loquitur* could apply here," asserting that

---

January 1, 2017, is not materially different as it relates to the issues presented here.

"[m]ost people could easily conclude that a tire failing from the inside would indicate negligence."

**¶19**     "*Res ipsa loquitur* (meaning the thing speaks for itself) is a rule of circumstantial inference of responsibility for an injury." *Lowrey v. Montgomery Kone, Inc.*, 202 Ariz. 190, 192, ¶ 6 (App. 2002). Under Arizona law, the elements of *res ipsa loquitur* are:

> (1) the accident must be of a kind that ordinarily does not occur in the absence of negligence;
>
> (2) the accident must be caused by an agency or instrumentality subject to the control of the defendant; and
>
> (3) the plaintiff must not be in a position to show the particular circumstances that caused the offending agency or instrumentality to operate to her injury.

*Id.* at ¶ 7. "A plaintiff who establishes the elements of *res ipsa loquitur* can avoid summary judgment and reach the jury without direct proof of negligence." *Id.* at ¶ 6. The preliminary question of whether *res ipsa loquitur* applies is a question of law for the court. *Id.* Even assuming that Boland presented admissible evidence in the summary judgment proceedings to establish the second and third elements of *res ipsa loquitur*, she has not presented admissible evidence establishing the first element.

**¶20**     When there is "no fund of common knowledge" that would permit a layperson to reasonably conclude that an accident could not have occurred in absence of negligence, "the parties may provide the evidence." *Ward v. Mount Calvary Lutheran Church*, 178 Ariz. 350, 355 (App. 1994). And "[u]nless it is within the layperson's common experience, a showing that a plaintiff's injury is 'of a kind which ordinarily does not occur in the absence of someone's negligence' *requires* expert evidence." *Id.* (citation omitted) (emphasis added).

**¶21**     Here, we agree with the superior court that Boland needed expert testimony to support her claim because her theory of negligence is outside a layperson's knowledge or experience. Without expert testimony, the causal links between a tool allegedly left in a tire and the subsequent tire failure is based only on speculation. Boland does not cite, nor are we aware of, any authority supporting the notion that a common fund of knowledge or experience exists involving circumstances like those alleged here—a tool left inside a tire that eventually punctures the tire, causing a blowout. *See id.* (recognizing that merely because an accident is rare does

not lead to the application of *res ipsa loquitur*.); *cf. Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 58, ¶ 21 (App. 2007) (finding that plaintiffs failed to show, without expert testimony or an assumption of common knowledge, that their automobile collision with a cow in open range territory was the type of accident that would not occur absent negligence by the owner of the cow).

**¶22**     To survive summary judgment, Boland needed to present admissible evidence establishing a reasonable inference that the tire sold to her by Discount Tire would not have failed absent negligence by Discount Tire. She could not make that showing without providing expert testimony and thus she failed to meet that burden. *See Badia v. City of Casa Grande*, 195 Ariz. 349, 357, ¶ 29 (App. 1999) ("Sheer speculation is insufficient to establish the necessary element of proximate cause or to defeat summary judgment."); *Ward*, 178 Ariz. at 355 ("[T]he fact that an accident occurred is not enough to permit an inference of negligence.").

## CONCLUSION

**¶23**     For the foregoing reasons, we affirm the superior court's judgment.

