NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

$18,000.00 US CURRENCY

SUSAN LEE WAY, *Appellant*,

*v.*

STATE OF ARIZONA, *Appellee*.

No. 1 CA-CV 20-0378
FILED 02-04-2021

Appeal from the Superior Court in Maricopa County
No.  CV 2019-012377
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Stephen L. Crawford PLLC, Phoenix
By Stephen L. Crawford
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Reid C. Pixler
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1        Susan Lee Way appeals the superior court's judgment ordering the forfeiture of cash seized from her. For the following reasons, we affirm.

## BACKGROUND

¶2        The State seized Way's cash during a police raid of a home associated with drug-trafficking in April 2019. After multiple successful purchases of methamphetamine ("meth") that appeared to originate from a specific residence, an undercover detective served a search warrant at that location. During the search police found several individuals in the residence, including Way, who was in a bedroom. She had a vial of meth and $18,000 cash on her person, which she told police was money from a Walmart settlement. Way admitted she was an addict but denied selling drugs.

¶3        After searching the bedroom, police found $1,131 in cash, a scale, clear plastic baggies, multiple mobile phones, and an energy drink can with a false top containing meth. Way was the only person at the residence who had a sale amount of meth and a large quantity of cash. Police discovered that Way had an extensive criminal history, including many drug arrests. Twelve days after the search, Way pled guilty to one count of conspiracy to commit possession of dangerous drugs for sale, a class two felony, in violation of A.R.S. § 13-3407(A)(2).

¶4        In September 2019, the State filed a Notice of Seizure for Forfeiture and Notice of Pending Forfeiture, seizing two quantities of cash—$18,000 and $1,131—as property used in the commission of a crime. The notice included a warning:

> The owner [of] . . . the property <u>must</u> personally sign the Claim . . . under the penalty of perjury. It is the State's position that a Power of Attorney does not satisfy the statutory signature requirement. If your Claim does not meet

the statutory requirements, it may not be recognized as valid and the State may proceed with the case as though it were uncontested.

**¶5**      On October 7, 2019, Way's counsel filed a Claim, signing on Way's behalf while she was an inmate in county jail.  The State moved to strike the Claim because it was not verified as required by A.R.S. § 13-4311(E) ("The claim shall be signed by the claimant under penalty of perjury . . . .").  In response, Way argued her signature was not required, and she made no attempt to cure the verification by adding her signature.  The superior court eventually struck the Claim, finding it was defective under § 13-4311(E).  Way does not challenge that ruling on appeal.

**¶6**      On November 5, 2019, the State initiated a civil in rem forfeiture action by filing a Complaint for the $19,131 belonging to Way, as eligible for forfeiture under A.R.S. § 13-4304.  The State alleged it could seize "[a]ll proceeds traceable to" the sale of prohibited drugs and "all monies . . . used or intended to be used in any manner or part to facilitate" such sale.  A.R.S. § 13-2314(G)(3); *see also* § 13-2301(4)(b)(xi) (racketeering offense triggering forfeiture).  In support of these allegations, the State alleged (1) Way was found in possession of a sale quantity of meth, a large amount of cash, and other implements of drug trafficking; and (2) she admitted she used the cash to purchase drugs.  *See* A.R.S. § 13-4305(F) (money found in proximity to contraband "gives rise to an inference that the money . . . was the proceeds of contraband or was used or intended to be used to facilitate commission of the offense.").  The State also asserted that because Way pled guilty to a criminal offense, she was precluded from denying the essential allegations of that offense in the forfeiture proceedings.  *See* A.R.S. § 13-4310(C).

**¶7**      The Complaint's verification page was signed by the case detective but the date was incomplete: "this ___ day of October, 2019."  The State later moved to attach an addendum to the Complaint, explaining its attorney had been communicating with the detective via email, and after approving its contents, the detective signed and returned the verification without filling in the date.  The attorney noticed the omission and had the detective complete another verification page that day, but the wrong form was inadvertently attached to the filed Complaint.  Way did not respond to this motion, and the superior court granted it.  In later filings, Way argued the addendum should not have been allowed.  But the court reaffirmed its ruling that the addendum was properly added to correct a clerical error, and noted Way had waived her objection by failing to respond.

¶8        In response to the State's Complaint, Way filed an Answer, which only addressed the first 6 of the Complaint's 76 allegations. Although the motion to strike Way's Claim was still pending, the State filed a motion under Arizona Rule of Civil Procedure ("Rule") 12(c), asserting it was entitled to judgment on the pleadings because Way's Answer failed to address most of the Complaint's allegations, meaning they were deemed admitted.  The State's motion also noted that Way failed to properly verify her Answer as required by A.R.S. § 13-4311(G), as her attorney had again signed in her stead.

¶9        Way filed an untimely response, arguing the State's Complaint was defective, and briefly suggesting she should be allowed to amend her Claim, but failing to address the substance of the Rule 12(c) motion.  The superior court granted the State's motion.  In later pleadings, Way tried to challenge the court's ruling, claiming her counsel had not read it correctly and thought the motion's substance was solely about verification.  However, the court found this was not good cause and declined to re-assess its ruling.  The court noted it had ruled after full briefing, and Way had not filed a motion for reconsideration.

¶10        As stated in its February 14, 2020 ruling, the court gave Way an additional chance to present arguments as to why she should be given leave to amend her Claim and Answer:

> The Court does not know what Way is seeking to amend, on what grounds and based on what authority.  Accordingly, if Way seeks leave to amend . . . Way shall file a specific and detailed Motion . . . including citing legal authorities for her request . . . to which Way shall attach the actual proposed amended filings . . . .

Way then moved to amend her Claim and Answer, proposing she would provide verifications and add allegations to her Answer to dispute that the cash was proceeds of drug sales, instead claiming it was from her settlement.

¶11        The superior court denied leave to amend, noting Way cited no authority that would allow amendment. It reasoned that failure to verify a Claim is a substantive deficiency, so that retroactive amendment could not cure it.  In addition, if the Claim could not be amended, amending the Answer would be futile.  The court then entered a judgment ordering that all "right, title, and interest" to the $19,131 is "forfeited to and vested in the

State." Way timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### A.   State's Motion to Attach Addendum

¶12   Way argues the superior court erred in granting the State's motion to attach an addendum to its Complaint. She contends, in fairness, the court could not strike her Claim for lack of verification and at the same time allow the State to file the addendum correcting the incomplete date.

¶13   We review a court's decision to correct a clerical error for an abuse of discretion. *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). The court "must correct a clerical mistake or a mistake arising from oversight" in the record. Rule 60(a); *see also* A.R.S. § 13-4311(G) (noting that Arizona Rules of Civil Procedure for answers apply to forfeiture proceedings); *M-11 Ltd. P'Ship v. Gommard*, 235 Ariz. 166, 170, ¶ 13 (App. 2014) (recognizing "human error may occur from time to time, despite the best of practices and intentions"). In addition, the court has "broad discretion" to allow supplemental pleadings to be filed under Rule 15(d). *Sw. Soil Remediation, Inc., v. City of Tucson*, 201 Ariz. 438, 446, ¶ 31 (App. 2001).

¶14   Way argues Rule 8 required the State to verify its Complaint with a notarized affidavit, instead of an unsworn declaration like the one provided. Rule 8(h) states that, whenever a statute "requires a pleading to be verified," the pleading must include an affidavit "attesting under oath" to the truth of its contents. Here, the relevant statute required the State to initiate a forfeiture proceeding with a "verified complaint." A.R.S. § 13-4311(A). However, whenever Rule 8 requires a sworn written verification, Rule 80 states that an unsworn declaration also suffices, provided it is signed under penalty of perjury, dated, and in a certain form. Rule 80(c). Consistent with these rules, the State chose to use the Rule 80(c) procedure to verify its Complaint, attaching an unsworn declaration by the case detective.

¶15   Way also contends the State flouted Rule 80(c)'s requirements, as the original copy of the declaration attached to the Complaint failed to include the date. The State filed the incorrect attachment with its Complaint, inadvertently omitting the properly signed and dated verification. The State promptly moved to file the correct signature page after realizing the clerical error. Given the court's broad discretion in allowing supplemental pleadings, as well as its duty to correct

clerical errors, we do not find an abuse of discretion in allowing the addendum.

### B.      Motion for Judgment on the Pleadings

**¶16**          Way argues the superior court erred in granting the State's motion for judgment on the pleadings.  She claims her proposed amended Answer presented a disputed question of fact: whether the cash was proceeds from the sale of drugs or from her personal injury settlement.  However, even assuming the court erred in denying her motion to amend the Answer, the amended version failed to address the State's contention that the cash was "used [or] intended to be used to facilitate" drug trafficking.

**¶17**          After the pleadings are closed, a party may move for judgment on the pleadings under Rule 12(c).  In reviewing a court's ruling on such a motion, we "accept the allegations of the complaint as true, but review de novo the court's legal determinations." *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197, ¶ 7 (App. 2017); *see also Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999) (A Rule 12(c) motion is "properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.").  We will affirm the court's disposition if it is correct for any reason. *Logerquist v. Danforth*, 188 Ariz. 16, 18 (App. 1996).

**¶18**          In a forfeiture proceeding, the State's burden is to prove that the property is subject to forfeiture by clear and convincing evidence.  A.R.S. § 13-4311(M).  The Complaint includes two main allegations: (1) the cash found was proceeds of the sale of prohibited drugs, and (2) the cash was used or intended to be used to facilitate the sale of drugs.  Specifically, the State alleged that Way was involved in drug trafficking, citing evidence that she was in possession of a sale quantity of meth and large quantities of cash.  Undercover police had purchased drugs from a source that appeared to come from the residence twice in one week, and when they executed a search warrant, Way was the only occupant who possessed drugs in a sale quantity.  In addition, Way had other paraphernalia commonly used for selling drugs in her bedroom, and she had a long criminal history that included drug arrests.  When a detective questioned her, Way admitted she used cash from the settlement to buy meth.  Later, she pled guilty to conspiring to possess prohibited drugs for sale.

**¶19**          Despite these allegations, Way made no effort to dispute them in her Answer, providing responses to only the first 6 of the Complaint's 76

paragraphs. Because Way failed to deny the remaining allegations, they are deemed admitted. *See* Rule 8(c)(6). Way's amended answer, if accepted, denied the cash was proceeds of selling drugs, claiming it was from her personal injury settlement. Even if these allegations created a disputed question of fact, Way again failed to address the State's allegation that she used or intended to use the money for drug trafficking. Allegations not denied are admitted. We affirm the superior court's ruling granting judgment on the pleadings.

## C.     Way's Motion to Amend Claim and Answer

**¶20**          Way argues the superior court abused its discretion when it failed to grant leave to amend her Claim and Answer. She contends the failure to verify her Claim was merely a technical inadequacy that could be amended, and that the court had broad discretion to permit amendment under Rule 15. We disagree, finding that Way's failure to verify her Claim was a substantive deficiency, barring retroactive amendment.

**¶21**          We review the denial of a motion to amend for an abuse of discretion. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013); *see also Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 549, ¶ 22 (App. 2008) (determining whether denial of request to extend time to file post-judgment motion was proper under abuse of discretion standard). The superior court has discretion to determine "under all the facts and circumstances . . . whether [amendment] should be permitted." *Sanders v. Brown*, 73 Ariz. 116, 119 (1951). A motion to amend should not be granted if amendment would be futile. *Tumacacori*, 231 Ariz. at 519, ¶ 4.

**¶22**          In deciding whether to allow a claimant to amend a claim, courts look to whether the "two primary substantive concerns" of ownership claims in forfeiture actions are satisfied. *In re $70,269.91 in US Currency*, 172 Ariz. 15, 20 (App. 1991).

> First, the claimant must claim and verify a specific property interest. The claim must be verified on oath or solemn affirmation because the danger of false claims in these cases is substantial. Second, the claimant must properly and timely file the claim to notify the government and the court that the claimant is entitled, by virtue of his sworn claim to the property, to join the action and be heard.

*Id*. (citations internal quotations omitted). A claim that fails to satisfy these substantive requirements is invalid. For example, in *State ex rel. McDougall*

*v. Superior Court*, this court struck a claim for substantive deficiencies when the claim was signed not by the claimant personally, but by the claimant's attorney. 173 Ariz. 385, 386–87 (App. 1992). Further, the fact that no valid claim exists eliminates the possibility of retroactive amendment. *See Safeway Stores, Inc. v. Maricopa County Superior Court*, 19 Ariz. App. 210, 212–13 (1973) (explaining that when a plaintiff failed to sign her complaint, she failed to "submit to the jurisdiction of the court" and thus the complaint had "no legal significance").

**¶23** Way failed to personally sign her Claim under penalty of perjury, instead arguing that her attorney's signature in her place was sufficient. Such a failure to verify a claim is a substantive deficiency under *In re $70,269.91*. *See* 172 Ariz. at 20. Because the Claim was invalid from its inception, attempts to retroactively amend it after the statutory period for filing claims had passed were improper. In addition, Way never tried to add her signature to the Claim until after the court granted the State's motion for judgment on the pleadings, despite being on notice the State considered her verification deficient. Because the court did not abuse its discretion when it denied leave to amend Way's Claim, amending the Answer would have been futile.

**CONCLUSION**

**¶24** We affirm the superior court's judgment granting forfeiture of the seized cash. We deny Way's request for attorneys' fees and costs, filed under A.R.S. § 13-2314(A) and A.R.S. § 12-341.01, because she has not prevailed on appeal.

