NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOSEPH P. ALOSI, et al., *Plaintiffs/Appellants*,

*v.*

CITIBANK NA, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0266
FILED 5-24-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2017-055664
No. CV2020-055077
The Honorable Jacki Ireland, Judge *pro tempore*
The Honorable Sally Schneider Duncan, Judge
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

---

COUNSEL

Joseph P. Alosi and Joyce M. Alosi, Cave Creek
*Plaintiffs/Appellants*

Wright, Finlay & Zak, LLP, Las Vegas
By Robert A. Riether
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

¶1 Joseph and Joyce Alosi appeal from the superior court's dismissal of their quiet title action against Citibank and Select Portfolio Servicing ("Select"). Because the Alosis were precluded from raising their claims under the doctrine of claim preclusion, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In January 2007, the Alosis executed a promissory note favoring Washington Mutual Bank ("WaMu") and secured by a deed of trust encumbering their home. WaMu transferred and assigned the note to Citibank. After WaMu went into receivership, JP Morgan Chase Bank ("Chase") acquired the loan-servicing rights. Chase transferred the servicing rights to Citibank, which designated Select as the loan servicer.

¶3 The Alosis defaulted on the note, and Citibank recorded a Notice of Trustee's Sale to sell the property. The Alosis tried to secure an injunction to prevent the sale, but the court declined to issue one. The Alosis filed a quiet title action against Citibank and Select under the theory that Chase never bought the note or the deed of trust, and thus it could not assign them to Citibank. Citibank and Select moved for summary judgment. The court held that the note was a bearer instrument in possession of Citibank, Citibank did not acquire the note by illegal means, and thus Citibank had the right to enforce the note.

¶4 The Alosis moved the court to cancel the sale and set aside the judgment, alleging that Citibank knew or should have known that the note had a forged endorsement. The court denied the motion, and the Alosis appealed to this court. *See Alosi v. Citibank N.A.*, 1 CA-CV 19-0405, 2020 WL 1312885 (Ariz. App. Mar. 19, 2020) (mem. decision). We affirmed the ruling, concluding that the note was properly endorsed and that the Alosis failed to show why Citibank knew or should have known the note was forged. *Id.* at *3–4, ¶¶ 12–20.

¶5 In September 2020, the Alosis filed a second action asserting that Chase, and thus Citibank, never acquired WaMu's rights to the property and identified other evidence provided by a title researcher and legal counsel. Citibank and Select moved the court to consolidate the new action with the previous one. The court consolidated the cases. Citibank and Select then moved the court to dismiss the Alosis' newly raised claims, arguing they were barred under the doctrine of claim preclusion.[1] The court found that the newly raised claims were barred. The Alosis appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6 We first note that we will not address the Alosis' argument about Citibank's standing. This court authorized the Alosis to file an amended opening brief but limited the changes to correcting page numbers, case numbers, and spacing. The Alosis amended their opening brief to include another argument about standing. The argument is waived because they did not include the standing argument in their original opening brief. *Dawson v. Withycombe,* 216 Ariz. 84, ¶ 40, n. 11 (App.2007) (arguments not raised in the opening brief are waived). Moreover, this argument is barred under claim preclusion analysis.

¶7 We review a court's decision on a motion to dismiss for an abuse of discretion, but we review the application of claim preclusion *de novo*. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 180, ¶ 16 (App. 2008) (motion to dismiss); *Lawrence T. v. DCS*, 246 Ariz. 260, 262, ¶ 7 (App. 2019) (claim preclusion). Claim preclusion applies when a court of competent jurisdiction rendered a former judgment on the merits, and "the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, 57 (1999). Claims raised based on a new theory that could have been raised earlier are barred. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R. Co.*, 231 Ariz. 517, 519–20, ¶ 8 (App. 2013). The extinguishment of the prior claim "includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Heinig v. Hudman*, 177 Ariz. 66, 71, (App. 1993) (quoting Restatement (Second) of Judgments § 24(1) (1982)). In determining whether a subsequent claim arises from the same transaction as the first, we consider "whether the underlying facts are

---

[1] The parties refer to *res judicata*, but we use "claim preclusion." *Peterson v. Newton*, 232 Ariz. 593, 594, ¶ 3, n.2 (App. 2013).

related in time, space, origin, or motivation, and whether the parties would expect them to be treated as a unit for trial." *Tumacacori Mission,* 231 Ariz. at 520, ¶ 8 (quotation omitted).

**¶8** Claim preclusion applies here. The Alosis, Citibank, and Select were parties to both actions. The court issued a final judgment on the merits in the first action when it entered summary judgment for Citibank and Select. *See El Paso Nat. Gas Co. v. State*, 123 Ariz. 219, 222 (1979) ("[S]ummary judgments are final judgments on the merits."). And the Alosis' current and previous claims are the same. Their new evidentiary basis for arguing that Citibank never acquired WaMu's rights to the property, at most, supports a new theory. Because the current and the earlier claims arose out of the Alosis' dispute over the property with Citibank, they arose out of the same transaction. And the Alosis could have raised the current issues in the first proceeding; as such, they are precluded.

**¶9** Rather than challenging the applicability of claim preclusion, the Alosis repeat their substantive argument that Citibank did not own the loan on their home. But that is the claim that the Alosis are now precluded from making, so we will not reconsider the argument.

**CONCLUSION**

**¶10** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA